## CARPENTER v. THE STATE.

INSTRUCTIONS TO JURY.—Where instructions state the law correctly, though they might have been fuller, they are not for that cause erroneous.

SAME.—Where evidence is offered by either party, to prove a certain state of facts, and the claim is made that they are proved, and the court is requested to charge the jury what the law is, as applicable to them, and what verdict to render if they find them proved, the court must comply with the request.

<div style="float:right">

| 43 | 371 |
| 136 | 154 |
| 43 | 371 |
| 141 | 124 |
| 43 | 371 |
| 157 | 204 |
| 43 | 371 |
| 166 | 702 |

</div>

From the Morgan Circuit Court.

*W. R. Harrison, W. S. Shirley, C. F. McNutt,* and *G. W. Grubbs,* for appellant.

*J. C. Denny,* Attorney General, and *J. C. Robinson,* for the State.

OSBORN, J.—The appellant was indicted for murder in the second degree, tried by a jury and convicted of manslaughter, and on a motion for a new trial, sentenced to the state prison for nine years.

The error assigned is in overruling the motion for a new trial.

The causes for a new trial, as stated in the motion, are, that the verdict is contrary to the evidence; that the court erred in admitting illegal evidence and in rejecting legal and competent evidence during the trial; that the court erred in giving and in refusing to give instructions to the jury, and also for newly-discovered evidence.

The rulings of the court in admitting and refusing to admit evidence were not excepted to. The question of newly-discovered evidence is not pressed. Indeed, it seems to have

been only cumulative. The objections to the charges given are, principally, that they are not as clear as they should have been; that they do not state the law fully to the jury. The objection is not so much that the instructions given misstate the law, as that they fail to state it fully; that they are mere abstractions, and not so given as to enable the jury to understand and apply them to the evidence in the case.

The instructions given by the court are not erroneous. They state the law correctly, and whilst they might have been fuller, they are not for that cause erroneous.

The judge was careful not to give any unnecessary instruction, and not to usurp the province of the jury. If the appellant desired further instructions, he should have asked for them.

The third instruction asked by the appellant and refused by the court is as follows: "If you should find that Carpenter was standing, on the evening in question, in front of Miller's saloon; that while there he was assailed by the deceased or by persons who were associated and acting with him; that he was struck and pushed against the wall; that a pistol was drawn by one of the assailing party and thrust into his face and at his head; that he made no resistance, but retreated along the wall of the building and sought to avoid the difficulty; that he was followed up and crowded upon by his assailants; that the struggle and assault continued along the sidewalk for the distance of fifty feet, to the front of the livery stable; that there the striking and pushing continued; that all the blows seemed directed towards the defendant; that he was crowded upon, struck, and his hat knocked off; that he was so pressed that he called for help; that thus assailed and pressed, he disengaged himself from his pursuers and ran from his assailants; that he was followed and pursued by the deceased and others; that there were cries of, 'catch him,' 'shoot,' 'don't shoot,' and the like; that having run for the distance of one hundred feet, and being closely pressed by his pursuers, he turned and fired the fatal shot; and you should find that these circum-

stances were calculated to produce in his mind the reasonable apprehension that some great bodily harm was intended to him, and that he fired the fatal shot under such apprehension, then you should find that the defendant was justified, and should find him not guilty."

The instruction asked was applicable to the evidence in the case and, in our opinion, should have been given. If the facts stated in the instruction were found to be true, and the evidence set out in the bill of exceptions tends strongly to establish them, they justified the defendant in killing the deceased and entitled him to a verdict of acquittal; and the court ought to have so told the jury on being requested to do so by the prisoner. 1 Bishop Crim. Law, sec. 384; *Shorter* v. *The People*, 2 Comst. 193, and cases cited.

It is true the court had given instructions to the jury on that subject, in which the law had been correctly stated. They were merely general rules or declarations of general principles, stating nothing specific or specially applicable to the evidence before the jury.

It was a case in which the defendant had a right to demand something more than a declaration of general principles of law in a charge of the court to the jury. He was entitled to a specific charge, if requested, declaring the law applicable to the facts claimed to have been proven, and in relation to which material evidence had been introduced. *Morris* v. *Platt*, 32 Conn. 75. In that case on page 82, it is said: "Where evidence is offered by either party to prove a certain state of facts, and the claim is made that they are proved, and the court is requested to charge the jury what the law is as applicable to them, and what verdict to render if they find them proved, the court must comply." Whilst the failure to charge more specifically might not have been ground for a new trial in the absence of a request for a further charge, still, after the request was made, it was error to refuse it. The instructions were not as full and specific as the prisoner was entitled to. They did not mislead the jury, nor did they state to them all matters of law

necessary for their information in giving their verdict. 2 G. & H. 417, sec. 113.

This renders it unnecessary for us to pass upon the question of the sufficiency of the evidence to sustain the verdict. We have, however, examined the evidence with much care, and are of the opinion that if the instruction had been given as asked, the jury might have rendered a verdict of acquittal.

The judgment of the said Morgan Circuit Court is reversed. The cause is remanded, with instructions to grant a new trial, and for further proceedings in accordance with this opinion.

The clerk is directed to give the proper notice to the warden of the state prison for the return of the prisoner.