No. 16,944.

## FLEMING v. THE STATE.

CRIMINAL LAW.—*Indictment, Sufficiency of.*—*Time, When Ground for Quashing.*—Where time is not of the essence of an offense, an indictment will not be insufficient on a motion to quash, either where it states no time or where the time is imperfectly stated.

SAME.—*Larceny.*—*Obtaining Possession by Owner's Consent.*—*Deception.*—*Passing Confederate Bill.*—*Evidence.*—In an action for grand larceny, where the State's case, upon the evidence, rested upon the theory that the possession of the railroad ticket and money, the stolen property, was procured from the railway company by a deceitful and fraudulent method, in this, that pursuant to a previous felonious design, defendant called at the ticket window, asking for a round-trip ticket to and from Chicago, and, as he did so, handing to the agent a bill of the denomination of $50, the same being of the issue of the Confederate States of America, of the date of February 17, 1864, and not of the current money of the United States; that as he handed the bill to the agent, he engaged the attention of the agent by stating the purpose of his trip, and the agent not recognizing the character of the bill, delivered to the defendant the ticket and $25, the agent not having sufficient money to pay the difference, the defendant designated a merchant of the town as his father, directing the agent to pay the balance of the difference to such merchant, the defendant feloniously carrying away and appropriating such ticket and money to his own use; under such theory of the case, the bill was admissible in evidence, for the theory stated, if supported by the evidence, constitutes larceny.

SAME.—*Larceny.*—*Obtaining Possession by Owner's Consent.*—*Deception.*—Larceny may exist where the possession of the stolen goods is obtained with the consent of the owner, if that consent is procured by deception and with intent not to return the same, but to appropriate the same and deprive the owner thereof and of a remedy for their loss.

SAME.—*Reasonable Doubt.*—*Instructions to Jury.*—*General.*—*Specific.*—A general instruction on the subject of reasonable doubt does not authorize a refusal of a specific instruction relating to the same subject and applicable to the charge and the evidence.

From the Madison Circuit Court.

*W. A. Kittinger* and *L. M. Schwinn*, for appellant.

*A. G. Smith*, Attorney-General, and *B. H. Campbell*, Prosecuting Attorney, for State.

| | |
|---|---|
| 136 | 149 |
| 145 | 613 |
| 136 | 149 |
| 148 | 52 |
| 148 | 407 |
| 136 | 149 |
| 155 | 559 |
| 136 | 149 |
| 165 | 401 |
| 165 | 476 |
| 136 | 149 |
| e166 | 702 |
| f167 | 318 |
| 136 | 149 |
| 169 | 388 |

HACKNEY, J.—The appellant was indicted for the crime of grand larceny in the stealing of twenty-five dollars and a railroad ticket good for passage from Anderson to Chicago and return, of the value of ten dollars.

The only charge as to the time of the commission of said offense is as follows: "On the —— day of ——, 189—," and the ownership of said money and ticket is charged to have been in the "Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company."

Trial was had by a jury, and upon a finding that the appellant was guilty as charged, he was sentenced to imprisonment in the State's prison for the term of one year.

The first alleged error discussed is in the action of the trial court in overruling the motion to quash the indictment. The objection to the indictment is that it does not charge the offense to have been committed within the period of the statute of limitations.

Under section 1756, subd. 8, R. S. 1881, it has been held that the imperfect statement of the time of the commission of an offense shall not be sufficient to set aside or quash an indictment or information. *State* v. *Sammons*, 95 Ind. 22; *Murphy* v. *State*, 106 Ind. 96; *State* v. *McDonald*, 106 Ind. 233; *State* v. *Patterson*, 116 Ind. 45.

It is also held by these cases, that the failure to charge a time, when time is not of the essence of the offense, will not vitiate an indictment. Viewing the indictment in this case, either as stating no time or imperfectly stating a time, it would not be subject to the appellant's motion.

The appellee's case, upon the evidence, rested upon the theory that the possession of the ticket and money was procured from the railway company by a deceitful and fraudulent method, in this, that, pursuant to a previ-

ous felonious design, he called at the ticket window, asking for a round trip ticket to and from Chicago, and, as he did so, handing the agent a bill of the denomination of fifty dollars, the same not being of the current money of the United States, but of the issue of the Confederate States of America, of date February 17th, 1864; that, as he handed the bill to the agent and asked for the ticket, he engaged the attention of the agent by further stating that he was going to Chicago to purchase horses for his father. The agent, not recognizing the character of the bill, stated that he had not sufficient money to pay the difference between the price of the ticket and the amount represented by the bill, whereupon the appellant stated that it was all right and that the agent should give him what he had and should give the balance to Mr. Barnes, a hardware merchant in the city of Anderson, who, as he falsely stated, was his father; that the agent, being deceived by the facts stated, delivered to the appellant a ticket and twenty-five dollars, which were feloniously carried away and appropriated by him.

The admissibility of said bill in evidence, and testimony that it was valueless, is questioned by the appellant upon the ground, as insisted, that larceny does not exist in procuring said ticket and money in the absence of any false statement or representation as to the character or value of said bill. The evidence tended to support the theory of the prosecution, and we have no doubt was admissible, and if the theory stated is within the evidence it constitutes larceny.

It is no longer in doubt in this State that larceny may exist, although the possession of the alleged stolen goods is obtained with the consent of the owner, if that consent is procured by deception and with the intention not to return the same, but to appropriate the same and deprive the owner thereof and of a remedy for their loss.

Under the facts stated, the appellant formed the design to obtain a ticket and a sum of money by deception, and it is clear that he intended, both before and at the time he did so obtain them, to appropriate them to his own use and to deprive the company of them. These two purposes formed constitute the felonious elements of the crime of larceny, when carried into execution, and the crime is as complete as if the possession had been taken without the knowledge of the owner. *Grunson* v. *State*, 89 Ind. 533; *Alexander* v. *Swackhamer*, 105 Ind. 81; *March* v. *State*, 117 Ind. 547.

The case can certainly be no weaker because the fraudulent design was completed without further fraud than the use of the valueless bill, and in diverting the agent's attention from it by false statements as to his intention to go to Chicago to purchase horses, and that the merchant, Barnes, was his father. Comment upon the character of the bill would have tended to defeat his design; and, if his silence should be considered as affecting the question, it would rather be to display the shrewdness and cunning with which he deceived the agent than as a weakness in the element of fraud.

The appellant complains that the bill should not have gone to the jury with parts of it missing, but the evidence fails to disclose this claim. The record discloses that the reader of the bill, when introducing it, could not decipher the signatures written upon it, and that it was allowed to go to, and be inspected by, the jury. No reason is assigned for the suggestion that the jury should not have been allowed an inspection of the bill, and no good reason occurs to us for such claim.

Complaint is made of the giving of instructions upon the theory that larceny could exist where possession of the property was obtained with the consent of the owner when such consent was obtained by fraud. As we have

shown, such theory is maintainable, and, as no claim is made that the instructions were improper if such theory was correct, it is not necessary to copy into this opinion the instructions so complained of.

The appellant's third instruction was as follows: "And the reasonable doubt may arise from the evidence already given in the case or for want of evidence. In this case the defendant has introduced evidence before you that he was with a young lady that he was waiting on, by the name of Lena Brattain, from about half past nine on the night of the transaction until twenty minutes of one the next morning. If this evidence raises a reasonable doubt in your minds as to whether the defendant was the person that committed the alleged transaction in the manner and form alleged, then, and in that event, you can not convict the defendant.''

This instruction the court refused, and its refusal is urged as error. That the instruction states correctly propositions of law applicable to the charge and the evidence is not disputed; but it is claimed by the appellee, that the same propositions were included in charges given to the jury.

We have read carefully all of the charges given, and feel constrained to hold that they do not cover fully the propositions of the instruction refused. The jury were nowhere told that a reasonable doubt might arise upon the evidence given, as well as for the lack of evidence. While the instruction refused is not clearly stated, it was intended to, and we think it did, present the further question that a reasonable doubt could properly arise from a consideration of the *alibi* evidence referred to, and that if it did so arise the jury could not convict.

A general charge was given upon the subject of reasonable doubt as it should affect the jurors collectively and individually, and as it should apply to the identity

of the person claimed to have committed the larceny charged, but the specific elements of the instruction asked were not given in any other charge.

The first proposition stated in the instruction should have been given if the remainder had been covered by other charges given, or if we are in error in our construction of the second proposition stated, provided such second proposition under any reasonable construction was not erroneous as a question of law applicable to the charge and to the evidence. That such second proposition was not erroneous is, as we have said, not questioned.

A general instruction does not authorize the refusal of a specific instruction applicable to the charge and the evidence. *Parker* v. *State*, 35 N. E. Rep. 1105; *Carpenter* v. *State*, 43 Ind. 371.

We conclude, therefore, that the refusal of this instruction was error, and that the judgment of the circuit court should be reversed.

Said judgment is reversed.

