## DOMER *v.* STATE OF INDIANA.

[No. 26,503. Filed January 13, 1936.]

*Oscar Jay, Claude A. Lee* and *D. Russell Bontrager*, for appellant.

*Philip Lutz, Jr.*, Attorney-General, and *William E. Bussell*, Deputy Attorney-General, for the State.

TREANOR, J.—Appellant was convicted of larceny upon a count of an affidavit which charged that he did "take, steal and carry away of the personal goods and chattels of one Earl Gee, Forty ($40.00) Dollars lawful money of the United States." He assigns the overruling of his motion for new trial as error and of the grounds contained in such motion relies, upon Proposition, Points and Authorities in his brief, upon the first and second, namely, that the verdict of the jury is not sustained by sufficient evidence and is contrary to law.

The evidence establishes the following: On January 29, 1933, Earl Gee was arrested. On the following day, in the city court of the city of Elkhart, he pleaded guilty to a charge of public intoxication and judgment of fine and costs, totalling $40.00, was rendered against him. The judge of the city court gave Gee permission to go home to get the money and told him to pay it to the desk sergeant. Gee returned with the money and went to a little room where "they" (who, does not appear) told him to go. Defendant Domer, who was a police officer, "secretary of the police department," "kept the record of the police department" and appeared to have some "duties" in connection with the city court, the nature of which is not shown, occupied the room as an office. Gee told Domer he had come to pay his fine, and gave him $40.00. Domer said "All right," took the money and gave Gee a receipt which he, Domer, signed, and which reads as follows:

"Claude A. Lee, Judge.    Walter Domer, Secretary.
Elkhart City Court                         09232

Elkhart. Indiana, Jan–30–1933
Received of Earl Gee                         $40.00
    Forty ..................................................no/100 Dollars
To apply on fine and costs,   X   in full of      date
Wife support.    Child support.    Civil case.
Bond for the appearance of.....................................
in City Court.............................

WALTER DOMER."

The money was not paid over to the judge of the city court and the judgment against Gee remained unsatisfied of record at the time of this prosecution. There was evidence that the sum of $253.61 was in an Elkhart bank account carried in the name of "Elkhart City Court by Walter Domer" but no sum of $40.00 had been deposited in the account at any time on or after January 30, 1933. It is clear that Gee did not intend to make Domer his agent for the purpose of paying his fine and costs, but paid the money to Domer because he believed Domer had been designated by someone in authority as the proper person to receive such payment.

Appellant contends that the evidence discloses that he obtained the possession of the money alleged to have been stolen, with the consent of the owner, Gee, who intentionally and voluntarily parted with the title to it, not expecting it to be returned to him, and in satisfaction of his fine and costs, and that there is a failure to show any unlawful taking of the money by appellant.

Even though the owner of money or property intentionally and voluntarily parts with the possession and title thereto, delivering it to another for a certain purpose, without expectation of its return, the facts may support a charge of larceny if the one who takes such possession and title obtains the consent of the owner to the taking, through trick or fraud.[1] In

---

1. §1155, Wharton's Criminal Law, 12th ed., Vol. 2.

such case, the trick or fraud avoids the legal effect of the owner's consent, and the taking is the same as though it had been without the consent of the owner.[2]

So, in the instant case, if Gee's consent to the taking of the money by Domer had been secured through any trick, fraud, misrepresentation, or deception of the latter, express or implied, as to his authority to receive the money to be applied on the judgment, the effect of Gee's consent to the taking would have been avoided, and Domer's taking would have been unlawful and larcenous.

In view of the fact that Gee, the alleged owner of the money, testified that he intentionally and voluntarily delivered the money to appellant, it was incumbent upon the State to establish, in order to sustain a charge of larceny, not merely that appellant received the money and failed to apply it upon the judgment against Gee, but also that appellant's representation that he was the proper person to receive the money, by acquiescence and participation in its receipt, was itself unlawful.

The State not only failed to show that appellant's receipt of the money constituted a misrepresentation of his authority, but the evidence tended to establish that acceptance of money to be applied upon judgments in city court was a duty frequently performed by appellant as a part of his duties as a police officer and in connection with the city court.

The statute provides for a bailiff of a city court who shall be a police officer designated to perform such duties, and requires him to give bond. He has the powers of a constable, shall perform his duties subject to the order of the court, shall take charge of executions, keep an account of all executions which may come into his hands, showing the names of defendants, date and num-

2. *Fleming* v. *State* (1894), 136 Ind. 149, 36 N. E. 154.

ber of the execution, amount of fines, fees and penalties imposed and the disposition of such executions. Also:

> "He shall make out and deliver a written report to the clerk of the city court, or to the judge acting as clerk, on Tuesday of each week, showing all moneys collected by him during the previous week, giving the names of the defendants, number of executions, amount of fines, fees or penalties collected, and forthwith pay such moneys to such clerk, or judge acting as such, taking his receipt therefor." (§4-2408, Burns Ind. St. Ann. 1933; Acts 1905, ch. 129, §222, p. 219, p. 379.)

While it appears that appellant was "secretary of the police department," the statute authorizing the appointment of such a secretary also provides that he "in addition to the duties herein designated shall perform such other duties as an officer of police or patrolman as the commissioners shall order." (§48-6304, Burns' Ind. St. Ann. 1933; Acts 1897, ch. 59, §3, p. 90.

We see nothing in the foregoing that made it unlawful for the police commissioners or city court to authorize the secretary of the police department to collect fines or to act as bailiff generally. It is significant that the State did not, by direct evidence, either of the chief of police, board of safety, or judge of the city court, undertake to establish the absence of any connection between appellant and the city court.

If the sum of money in question was in fact received by appellant in the capacity of one authorized to receive payment of fines assessed by the city court, it is obvious that he could not have been guilty of the offense of larceny by trick. Since the evidence shows that the money was voluntarily delivered to appellant by Gee on the assumption that appellant was authorized to receive it, and since the evidence also shows that a bank account was maintained by appellant in the name of "Elkhart City Court by Walter Domer," and since the evidence

408

establishes that appellant had received other sums of money in payment of fines; and, furthermore, since there was no evidence contradicting the foregoing, there is no basis for an inference that the sum in question in this case was not received by appellant in the capacity of one duly authorized to receive it. The evidence is insufficient to establish any trick, fraud, misrepresentation, or deception practiced by appellant, in taking the money, and making ineffective Gee's consent to the taking. In view of the evidence it is necessary to conclude that the money was properly paid by Gee and his obligation discharged, and when the appellant received the money he received and held it as the agent of the city court. Consequently any unlawful misappropriation of the money would not be larceny of the money of Gee, but would be embezzlement of trust funds for which he was accountable to the city court.

Appellant's motion for new trial should have been sustained.

Judgment reversed with directions to the trial court to sustain appellant's motion for new trial and for further proceedings not inconsistent with this opinion.