EASTIN *v.* STATE OF INDIANA.

[No. 28,998.   Filed February 3, 1954.]

*Ted Lockyear, Jr.,* and *Russell S. Armstrong,* of Evansville, for appellant.

*Edwin K. Steers,* Attorney General and *Carl M. Humble,* Deputy Attorney General, for appellee.

EMMERT, J.—Appellant was charged by affidavit with assault and battery with intent to commit a felony under §10-401, Burns' 1942 Replacement. The intended felony charged was the first degree murder of her husband. The issue here is the correctness of the court's rulings in refusing two instructions on the effect of the intoxication of the appellant.

It is unnecessary to set forth the entire evidence on the affray. Her husband testified in behalf of the State, and stated that on Easter Sunday morning, April 13, 1952, the appellant "drank about four pints of Sterling [beer] and four half pints of whiskey" before 9:30 o'clock. "She came in and said 'Whoopee, I am going to ride that car until it squeals.'" By force he took her out of his panel truck which was standing in front of their home. This was the first struggle of several phases of the controversy. She shot him in the shoulder with a .32 revolver when they were both in the home. Other witnesses corroborated the husband's testimony that she had been drinking.

Appellant in her brief sets forth all the instructions requested by her, and all the instructions given by the court. The court gave no instructions on the matter of

intoxication, and refused appellant's requested instructions numbers 19 and 20. These instructions are set out in the footnote.[1]

In *Booher* v. *State* (1901), 156 Ind. 435, 448, 60 N. E. 156, 54 L. R. A. 391, the appellant was tried upon an information, two counts of which charged assault and battery with intent to commit murder in the first degree. The court held that "The specific intent of the appellant in the case at bar to commit the murder as charged under either count of the information, was, under the statutes upon which these counts were respectively based, an essential element or ingredient of the offense, and the existence or non-existence of such felonious intent was one of the principal questions to be decided by the jury."[2] The court on its own motion gave an instruction which substantially charged the jury that voluntary intoxication did not excuse the crime. This court reversed the case for the giving of this instruction, and after an exhaustive consideration of all the authorities, held that al-

1. No. 19. "In order to convict the defendant under the statute for assault and battery with intent to murder, it is necessary to satisfy the jury *upon* a reasonable doubt that the defendant entertained the specific intent charged and made the assault to accomplish the specific purpose. Mere drunkenness does not excuse the *defense* but it may produce a state of mind which incapacitates the party from forming or entertaining a specific intent as the mental condition is such that a specific intent cannot be formed, whether this condition is caused by drunkenness or otherwise, a party cannot be said to have committed an offense, a necessary element of which is that it be done with a specific intent. If the jury finds that this specific intent is missing from this defendant's mind then the defendant should not be found guilty of an assault and battery with intent to commit a felony." (Italics added.)

No. 20. "The defendant is not to be held responsible for the specific intent if she was too drunk for a conscious exercise of the will to the particular end, or, in other words, too drunk to intend the intent and did not entertain it in fact."

2. The specific intent to commit the felony charged is an essential element of the crime of assault and battery with intent to commit a felony. *Booher* v. *State* (1901), 156 Ind. 435, 60 N. E. 156, 54 L. R. A. 391; I Brill, Cyc. Cr. Law §132, pp. 249, 250; I Warren, Homicide (1938), §129, pp. 566, 567.

though voluntary intoxication of an accused after a criminal design or intent was formed or entertained does not excuse crime, yet "the rule seems to be universally asserted by the authorities that in all prosecutions for an assault with intent to kill, the intoxication of the defendant is admissible in evidence, and should be considered by the jury or court trying the case in determining whether he actually entertained the specific intent essential to the crime charged." (Pages 446, 447.)

It is reversible error for a trial court to refuse to give a correct instruction requested by an accused unless a requested instruction is substantially covered by another instruction. *Carpenter* v. *State* (1873), 43 Ind. 371; *Parker* v. *State* (1894), 136 Ind. 284, 35 N. E. 1105; *Aszman* v. *State* (1890), 123 Ind. 347, 359, 24 N. E. 123; *Mitchell* v. *State* (1923), 193 Ind. 1, 138 N. E. 507.

The State insists that instruction number 19 was correctly refused because of the use of the word "upon" in the first sentence instead of the word "beyond," and the use of the word "defense" instead of "offense." The evidence as to appellant's intoxication was detailed by the witnesses for the State. The evidence as to intoxication was relevant on the issue of appellant's capability to form and entertain the specific intent to commit murder. Section 9-1805, Burns' 1942 Replacement, states that "in charging the jury the court must state to them all matters of law which are necessary for their information in giving their verdict." No instructions were given on the issue of intoxication, but other instructions defined reasonable doubt and required the State to prove the defendant guilty beyond a reasonable doubt before a conviction would be authorized. Had instruction number 19 been given, the jury would not have been misled by the cleri-

cal errors. In construing the correctness of instructions it has been the practice of this court to disregard clerical mistakes or verbal inaccuracies which do not confuse the jury. *McCutcheon* v. *State* (1927), 199 Ind. 247, 256, 155 N. E. 544; *White* v. *State* (1906), 37 Ind. App. 95, 100, 101, 76 N. E. 554; *Flannigan* v. *State* (1922), 192 Ind. 19, 134 N. E. 885; *Faulkenberg* v. *State* (1926), 197 Ind. 491, 495, 151 N. E. 382; *Mitchell* v. *State* (1923), 193 Ind. 1, 138 N. E. 507 *supra.* While we do not recommend either of appellant's requested instructions on intoxication as to form, it was error for the court to refuse them.

Judgment reversed with instructions to the trial court to sustain appellant's motion for a new trial.

NOTE.—Reported in 117 N. E. 2d 124.