KING *v.* STATE OF INDIANA.

[No. 29,684. Filed June 4, 1959. Rehearing denied September 29, 1959.]

*Bob Good,* of Shelbyville, for appellant.

*Edwin K. Steers,* Attorney General, *Owen S. Boling,* Assistant Attorney General, *George P. Dickmann* and *Robert L. Sheaffer,* Prosecuting Attorneys, 18th and 16th Judicial Circuits, respectively, for appellee.

BOBBITT, J.—Appellant and two others were charged by indictment with the crime of armed robbery under Acts 1929, ch. 55, §1, p. 139, being §10-4709, Burns' 1956 Replacement, tried separately by jury and found guilty of assault and battery with intent to commit a felony, and sentenced accordingly.

The sole error assigned is the overruling of appellant's motion for a new trial. Specification 4 thereof asserts that the trial court erred in refusing to give defendant-appellant's tendered Instruction No. 1, which is as follows:

"INSTRUCTION NO. 1

"If you find from the evidence that the acts performed by the defendant, Walter King, on the night of July 28, 1956, were performed solely to assist the Indiana State Police, and not to rob J. Harvey Snider, then I instruct you that you would not be warranted in finding the defendant guilty."

There is testimony in the record by three State Police Officers and appellant King that he furnished them information concerning the robbery herein, both before and after it happened.

One of the officers, a detective sergeant, testified that when appellant had given him information about the proposed robbery prior to its commitment, he had instructed appellant to obtain all the information which he could get and forward it to him. There is evidence that appellant attempted to telephone this officer on two different occasions, while he and his two companions were en route to commit the robbery.

Appellant's theory of the case is that he did not intend to commit a robbery, but his participation in the robbery of the complaining witness herein was solely for the purpose of assisting the Indiana State Police in the detection of a crime.

This theory of the case as presented by the evidence summarized above was not covered in any instruction given by the court.

Appellant was not only entitled to have his theory of the case presented to the jury, if there was any evidence to support it, but "It is reversible error for a trial court to refuse to give a correct instruction requested by an accused unless a requested instruction is substantially covered by another instruction. *Carpenter* v. *State* (1873), 43

Ind. 371; *Parker* v. *State* (1894), 136 Ind. 284, 35 N. E. 1105; *Aszman* v. *State* (1890), 123 Ind. 347, 359, 24 N. E. 123; *Mitchell* v. *State* (1923), 193 Ind. 1, 138 N. E. 507." *Eastin* v. *State* (1954), 233 Ind. 101, 104, 117 N. E. 2d 124.

The requested Instruction No. 1 was proper and correctly stated the law as it applied to the evidence in the record. Its subject-matter was not covered by another instruction. Hence, the trial court erred in refusing to give appellant's tendered Instruction No. 1, and for this reason the judgment must be reversed.

It is not necessary to decide the other questions presented because they are not likely to arise on a retrial of the case.

Judgment reversed with instructions to grant appellant's motion for a new trial.

Achor, C. J., Arterburn, Jackson and Landis, JJ. concur.

NOTE.—Reported in 158 N. E. 2d 791.