## LEWIS F. KRIETE *v.* STATE OF INDIANA.

[No. 1273S246. Filed August 18, 1975. Rehearing denied November 19, 1975.]

*Harriette Bailey Conn (Mrs.),* Public Defender of Indiana, *Darrell F. Ellis,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Wesley T. Wilson,* Deputy Attorney General, for appellee.

HUNTER, J.—Appellant Lewis F. Kriete was convicted after trial by jury of second degree murder in the fatal stabbing of Johnny Baker. He was sentenced to life imprisonment. Appellant's belated motion to correct errors was overruled and this appeal follows.

Appellant presents three issues for our consideration:

I.    Whether appellant's conviction of second degree murder was erroneous where the evidence shows the homicidal act was done in self-defense.

II.   Whether sufficient evidence of malice and purpose was shown to sustain appellant's conviction of second degree murder.

III.  Whether the trial court erred in giving Instruction No. 6 over defendant's objection.

## I.

The law of self-defense was recently reviewed by this Court in *Jennings* v. *State,* (1974) 262 Ind. 476, 318 N.E.2d 358. In *Jennings* we stated:

"A claim of self-defense is predicated upon the right of every citizen to reasonably defend himself against unwarranted attack. Johnson v. State (1971), 256 Ind. 579, 271 N.E.2d 123. The legal effect of a meritoriously asserted claim of self-defense is the justification of an otherwise criminal act. The elements of self-defense, proof of which is incumbent upon one seeking to avoid criminal culpability, have previously been set forth by this Court in King v. State (1968), 249 Ind. 699, 234 N.E.2d 465. According to *King:*

" 'Where one has taken the life of another human being, and thereafter contends that he did so in self-defense, he can only be successful in his contention if:

" '(1)  he acted without fault,

" '(2)  he was in a place where he had a right to be, and

" '(3)  he was in real danger of death or great bodily harm, or in such apparent danger as caused him in good faith to fear death or great bodily harm.'

"When a defendant has successfully raised the issue of self-defense, the state may either rebut it directly, Johnson v. State, *supra,* or rely upon the sufficiency of its evidence in chief. Nelson v. State (1972), [259] Ind. [339], 287 N.E.2d 336. Whether the State has borne its burden of demonstrating that the homicidal act was not carried out in self-defense is a question of fact to be decided by the jury. King v. State, *supra;* Robinson v State (1926), 243 Ind. 192, 184 N.E.2d 16." 318 N.E.2d 358, 359.

Baker was killed while attempting to leave the Rainbow Bar in Peru. Defendant-appellant was a patron in the tavern. There is no question that it was "a place where he had a right to be." To establish that his actions were without fault appellant relies upon testimony presented by the state from which a permissible inference might be drawn that the decedent—and not the appellant—was the aggressor. The state presented other evidence from which exactly the opposite inference could be drawn, i.e., that defendant was the aggressor. Baker's girl friend so testified both on direct and cross examination. When the trier of fact has thus resolved a question of fact against the defendant, we may not reweigh conflicting claims on appeal. The jury had before it evidence of the girl friend's relationship with the decedent and her purported hostility toward the accused, but chose to credit her testimony over that which was equivocal or even conflicting. Such is the jury's prerogative, with which we will not interfere so long as there exists any substantial evidence of probative value from which the jury could have inferred appellant's guilt beyond a reasonable doubt. *Jennings* v. *State, supra.* There was sufficient evidence presented from which the jury could conclude that appellant acted as the aggressor and not in defense of himself.

## II.

A conviction of second degree murder pursuant to Ind. Code § 35-1-54-1, Burns § 10-3404 (1974 Supp.), requires proof beyond a reasonable doubt that:

(1)  The appellant killed the decedent;

(2)  The killing was done purposely and maliciously. *Landreth* v. *State,* (1930) 201 Ind. 691, 171 N.E. 192.

Appellant attacks the sufficiency of the evidence of the elements of purpose and malice. Appellant argues that evidence before the jury showing his ingestion of great quantities of intoxicating beverages as a matter of law precluded him from doing the act purposely and

maliciously. For this proposition appellant relies upon *Eastin* v. *State*, (1954) 233 Ind. 101, 117 N.E.2d 124, a prosecution for assault and battery with intent to commit a felony, to-wit, first degree murder. *Eastin* held that it was reversible error to refuse to give tendered instructions upon intoxication as negating the defendant's ability to form the requisite *specific* intent. Specific intent is not an element of second degree murder. Purpose and malice may be inferred from the intentional use of a deadly weapon in a manner likely to cause death. *Miller* v. *State*, (1962) 242 Ind. 678, 181 N.E.2d 633. The hunting knife with which the deceased was gored is a deadly weapon. Appellant asserts that he was only attempting to scare the decedent, not kill him. In support of this contention, he argues that the cuts were addressed to portions of the decedent's body which were not the most likely targets for one desirous of committing murder. Specifically, appellant attempts to bring his case within the facts of *Miller* v. *State*, *supra*. In *Miller* a conviction for second degree murder was reversed where the evidence showed that the deadly weapon (pistol) was not used in a manner likely to cause death, but was used to shoot a knife from the decedent's hand.

This case is readily distinguishable from *Miller* in that Baker was unarmed. Baker was flailed about the groin, the ear and under an arm, as he tussled with appellant on the barroom floor. On the basis of the evidence the jury could reasonably conclude that appellant's use of the hunting knife in such manner against an unarmed person was sufficiently purposeful and malicious to support a finding of second degree murder.

### III.

Appellant objects to the giving of instruction number six. That instruction reads:

"The force that may be used in self defence is limited to what is reasonably necessary to repell [sic] the attack, and deadly weapons cannot be used to repell [sic] a slight assault or a trespass amounting to only a misdemeanor.

"An assault is defined as one having the present ability to do so, attemps [sic] to do a violent injury upon the person of another. An assault & battery is defined as one unlawfully touching another in a rude, insolent, angry manner. Both of these offences are classified as misdemeanors."

The first paragraph of this instruction is taken from 2 *Ewbanks Indiana Criminal Law* 765 (Symmes ed., 1956). In examining the cases cited in *Ewbanks* in support of the proposition, the chief distinction which appellant is able to draw is that the defendants in those cases were not convicted of any offense greater than voluntary manslaughter. Appellant further complains that under the instruction:

"The jury could not reasonably be expected to believe anything other than the flat statement that in all cases where the assailant or assailants are stopped from completing what they began by striking or attempting to strike another person, their victim must be convicted regardless of the fact that he qualifies as a person who meets all self-defense standards." Appellant's Brief, p. 59.

By appellant's view of the evidence, he was attacked, and cut the decedent in self-defense. As noted above, under the evidence presented, the jury was not required to find that appellant acted without fault. This instruction permitted the jury to find, in essence, that if the defendant was properly acting in self-defense, in repelling unarmed attackers, he was, nevertheless not legally permitted to use excessive force. The instruction was properly given.

For all the foregoing reasons, the judgment is affirmed.

Givan, C.J., Arterburn, DeBruler and Prentice, JJ., concur.

NOTE.—Reported at 332 N.E.2d 209.