RUSSELL BLAIR *v.* STATE OF INDIANA.

[No. 3-875A164.  Filed July 14, 1977.]

*Howard S. Grimm, Jr., Grimm & Grimm,* of Fort Wayne, *David Peebles, Peebles, Kear & Rogers,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *John D. Shuman,* Deputy Attorney General, for appellee.

HOFFMAN, J.—Defendant-appellant Russell Blair was charged in a two-count indictment with second dgeree murder[1] and voluntary manslaughter[2] and convicted by a jury of the offense of aggravated assault and battery.[3] On appeal appellant challenges the sufficiency of the evidence, the propriety of charging murder and manslaughter in separate counts of

1.  IC 1971, 35-1-54-1  (Burns Code Ed.).
2.  IC 1971, 35-13-4-2  (Burns Code Ed.).
3.  IC 1971, 35-13-3-1  (Burns Code Ed.).

the same indictment, the sufficiency of the prosecuting attorney's opening statement, the admissibility of certain photographs, the propriety of permitting a certain witness to testify as an expert, and the giving of an instruction relating to self-defense.

Appellant first contends that the trial court erred in failing to sustain his motion for judgment on the evidence at the close of the State's case-in-chief. However, appellant has waived any error in the overruling of the motion by the introduction of evidence in his defense after the trial court's adverse ruling on the motion. *Parker* v. *State* (1976), 265 Ind. 595, 358 N.E.2d 110.

Appellant next contends that the evidence is insufficient to support the verdict. Aggravated assault and battery is an intentional or knowing and unlawful infliction of great bodily harm or disfigurement upon another. IC 1971, 35-13-3-1, (Burns Code Ed.). Appellant admittedly killed his wife. The autopsy report reveals that the victim suffered multiple lacerations on the face, neck and hands; a superficial laceration from the eye to the chin; a long deep cut on the right side of the forehead; superficial lacerations on the right side of the neck; three deep lacerations on the left side of the neck; five stellate lacerations of the scalp; a skull fracture; a contusion and subarachnoid hemorrhage of the brain; and a fractured sternum. The cause of death was determined to be from a loss of blood. The evidence was sufficient to sustain the verdict of the jury. The jury was not required to believe appellant's testimony that he acted in self-defense. *Williams* v. *State* (1974), 262 Ind. 382, 316 N.E.2d 354.

Appellant next contends that it was improper to charge second degree murder and voluntary manslaughter in separate counts of the indictment. IC 1971, 35-3.1-1-9 (a) (Burns Code Ed.), provides as follows:

"Two [2] or more crimes can be joined in the same indictment or information, with each crime stated in a separate count, when the crimes, whether felonies or misdemeanors or both;

(1) Are of the same or similar character, even if not part of a single scheme or plan; or

(2) Are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan."

IC 1971, 35-1-23-17, Ind. Ann. Stat. § 9-1113, repealed by Acts 1973, Pub.L. No. 325, § 5, expressly permitted the joinder of second degree murder and voluntary manslaughter in the same indictment. IC 1971, 35-3.1-1-9(a), *supra,* does not reflect a legislative intent to restrict joinder of offenses such as in the case at bar. Rather, the current statute evinces an intent to expand the possibilities for joinder of crimes in the same indictment.

Moreover, it should be noted that although appellant filed a motion to dismiss prior to arraignment and plea, such motion did not raise the misjoinder of crimes as a ground for the motion. Thus appellant has waived any defect. IC 1971, 35-3.1-1-4 (Burns Code Ed.).

Appellant next contends that the opening statement of the prosecuting attorney is insufficient to satisfy the requirements of IC 1971, 35-1-35-1 (Burns Code Ed.). Such statute requires the prosecuting attorney to state the case of the prosecution and briefly state the evidence by which he expects to support his case. In the case at bar, the prosecuting attorney read each count of the indictment, listed the essential elements of each offense, and asserted that the State would prove each element of the offenses beyond a reasonable doubt. The prosecutor then informed the jury of the identity of the State's witnesses and stated the general subject-matter of their testimony. However, the opening statement did not go into detail as to the specific statements which the State's witnesses would make. This fact, however, does not justify reversal. *Alderson*

v. *State* (1974), 262 Ind. 345, 316 N.E.2d 367. Appellant admits as much in his reply brief. Appellant has failed to allege that he was in some way surprised or misled by the opening statement of the prosecuting attorney. Thus, there was no reversible error. *Carmon* v. *State* (1976), 265 Ind. 1, 349 N.E.2d 167.

Appellant next contends that the trial court's admission into evidence of Exhibits Nos. 24 and 26 constitutes reversible error within the holding of our Supreme Court's decision in *Kiefer* v. *State* (1958), 239 Ind. 103, 153 N.E.2d 899. Such exhibits are photographs of appellant's wife lying in the foyer of the Blair residence where the altercation took place. In *Kiefer* v. *State, supra,* photographs showing the body of the deceased from different angles were admitted into evidence. With regard to the admissibility of three of the photographs, our Supreme Court at 108 of 239 Ind., at 900 of 153 N.E.2d, stated:

> "Even though these photographs representing Exhibits Nos. 10, 11 and 12 may have been, to some degree, repetitious and cumulative, and are gruesome in character, they serve to elucidate and explain relevant oral testimony given at the trial and they were properly admitted for the purpose of showing fully the scene of the crime, the nature of the wounds of the victim, and the condition of the basement immediately after the crime was committed."

In *Patterson* v. *State* (1975), 263 Ind. 55, 60, 61, 324 N.E.2d 482, our Supreme Court stated that although certain photographs taken at the scene of the crime were to some extent repetitious, cumulative and gruesome, they were nevertheless relevant and competent aids in assisting the jurors to orient themselves and to understand other evidence.

The major thrust of appellant's argument revolves around an asserted conflict in the testimony as to whether the body had been moved before these pictures were taken. However, *Patterson* v. *State, supra,* found the photographs admissible notwithstanding the fact that some of the photographs showed

the victim's body after it had been moved from the position in which it was found. *See also: Williams* v. *State* (1976), 265 Ind. 190, 352 N.E.2d 733 (body of deceased had been rolled on its side); *Hewitt* v. *State* (1973), 261 Ind. 71, 300 N.E.2d 94 (body of deceased cab driver had been removed from automobile).

The record does not reflect a prejudicial imbalance between the "State's right to present relevant evidence and the defendant's right to be protected from prejudice likely to be engendered from morbid and shocking displays." *Patterson* v. *State, supra,* 263 Ind. 55, 61, 324 N.E.2d 482, 486. Thus, it was not error to admit the photographs into evidence.

Appellant next contends that the trial court abused its discretion in permitting Trooper Matthews to testify as an expert witness. Trooper Matthews had been employed by the Indiana State Police for 17 years and had been a technician for approximately 3½ years. One of his duties as a technician is crime scene investigations. His formal training included the Forensic and Sciences Laboratory School, and field work in areas including homicide investigations and photography schools and fingerprint schools. He has also attended various seminars and read several texts in the area of criminal and homicide investigation. He has received practical training by working with the District Technician from the Ligonier District of the State Police. He has observed approximately 25 to 30 actual knife wounds and, as a technician, has worked three homicide cases involving stab wounds with a knife.

The determination of whether a witness is qualified to testify as an expert is within the sound discretion of the trial court and may not be set aside unless there is a manifest abuse of discretion. *Niehaus* v. *State* (1977), 265 Ind. 655, 359 N.E.2d 513. A witness may be qualified to testify as an expert by practical experience

or by formal training, or both. *Guyton* v. *State* (1973), 157 Ind. App. 59, 299 N.E.2d 233. The trial court did not abuse its discretion in finding that the qualifications of Trooper Matthews were sufficient to qualify him as an expert. Appellant's argument concerning the extent of the witness' knowledge was more properly addressed to the weight to be accorded the testimony by the trier of fact. *See, Lineback* v. *State* (1973), 260 Ind. 503, 296 N.E.2d 788, *cert. den.* 415 U.S. 929, 94 S.Ct. 1440, 39 L.Ed.2d 487. Finally, it should be noted that even if Trooper Matthews' testimony conflicted with that of the pathologist, such conflict does not affect Trooper Matthews' qualifications to testify as an expert. The resolution of any such conflict was a matter for the trier of fact.

Appellant further contends that the trial court erred in giving Final Instruction No. 6 which related to appellant's claim of self-defense. He first asserts that the instruction failed to inform the jury that in exercising the right to self-defense, one "may repel force with force." However, Final Instruction No. 10 states that one may "repel force by force" and that "a party assailed has the right to repel force by force." Instruction No. 6 states that one may "use such force as may appear to him at the time necessary to resist such attack or apparent attack." The instruction was therefore not deficient in this respect.

Appellant next asserts that such instruction improperly qualifies the right of self-defense by limiting the use of force to that which is reasonably necessary. The instruction approved in *Tinsley* v. *State* (1977), 265 Ind. 642, 358 N.E.2d 743, provides that the right to defend one's self may be used to any extent which is reasonably necessary. Thus, there was no error in the giving of this instruction.

Appellant next asserts that the instruction is erroneous in stating that a person defending himself is only justified

in using force as may reasonably appear to him necessary to repel the attack and that he may not use excessive force, or force out of proportion to necessity, as it honestly and reasonably appeared to him. However, the right to defend one's self may be used to any extent which is reasonably necessary. Moreover, a person in the exercise of the right of self-defense must act honestly and conscientiously. *Tinsley* v. *State, supra.* Furthermore, one acting in self-defense is not permitted to use excessive force. *Kriete* v. *State* (1975), 263 Ind. 381, 332 N.E.2d 209. Thus this portion of the instruction was not erroneous.

Appellant next contends that although the instruction did state that one exercising the right of self-defense may stand his ground "without retreating", the instruction implied that either (a) he must retreat at some point, or (b) he may stand his ground but he may not himself attack. Appellant has not, however, pointed to any language of the instruction from which the alleged infirmities are implied. And, an examination of the instruction does not disclose such implication.

Appellant finally asserts that the instruction is erroneous by failing to inform the jury that they must examine the situation from the viewpoint of the defendant. Instruction No. 6 did inform the jury that,

"The question of the existence of such danger, the necessity or apparent necessity, as well as the amount of force necessary to employ to resist the attack, can only be determined from the standpoint of the defendant at the time, and under all the existing circumstances as it may have reasonably appeared to him at the time. Ordinarily, one exercising the right of self-defense is required to act upon the instant, and without time to deliberate and investigate and, under such circumstances, the danger which exists only in appearance is as real and imminent as if it were actual."

This portion of the instruction is essentially the same as a portion of the instruction approved in *Tinsley* v. *State,*

*supra.* Thus the trial court did not err in giving Final Instruction No. 6.

No reversible error having been found, the judgment of the trial court must be affirmed.

Affirmed.

Garrard, J., concurs; Buchanan, P.J., participating by designation, concurs.

NOTE.—Reported at 364 N.E.2d 793.