Mark A. **WRIGHT,** Appellant
(Defendant below),

v.

STATE ·of Indiana, Appellee
(Plaintiff below).

No. 883S305.

Supreme Court of Indiana.

Feb. 19, 1985.

Rehearing Denied April 30, 1985.

J. Patrick Biggs, New Albany, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

HUNTER, Justice.

The defendant, Mark A. Wright, was convicted by a jury of attempted voluntary

manslaughter, a Class B felony, Ind.Code § 35–42–1–3 (Burns 1979 Repl.), Ind.Code § 35–41–5–1 (Burns 1979 Repl.). He was sentenced to the Indiana Department of Correction for a term of fifteen years. His direct appeal to this Court raises the following issues:

1. Whether the state's information filed in this case was improper in that defendant was charged with three separate offenses for the same shooting;

2. Whether the evidence in this case was sufficient to warrant an instruction and also sustain the conviction for the offense of attempted voluntary manslaughter;

3. Whether the trial court erred in enhancing the presumptive sentence in this case;

4. Whether the trial court erred in admitting in evidence a police officer's testimony concerning a pretrial statement made by defendant.

A summary of the facts from the record most favorable to the state shows that on September 26, 1982, defendant and a friend, Monk James, drove to the apartment of the victim, Sam Phillips. James had called Phillips earlier and told him that they would be coming over to discuss a few matters. After defendant and James arrived and Phillips opened the door, defendant entered the apartment waving a handgun in Phillips's face. Defendant's anger was based on his belief that Phillips had previously attempted to burglarize his apartment. Apparently, two days earlier, Phillips, while visiting the defendant, had set up the apartment for a burglary by opening a window for easy access at some point in the near future. After defendant further confronted Phillips about the alleged actions, and Phillips's persistent denial, defendant raised the gun and shot Phillips in his face. Defendant and James left the apartment and Phillips was later able to summon medical assistance.

## I.

■ Defendant was originally charged with attempted murder and battery. The trial court later granted the state's motion to amend the information and added a charge of criminal recklessness against defendant. Although defendant was ultimately *convicted and sentenced upon only one offense, attempted voluntary manslaughter*, he now argues that it was improper to charge him with three separate offenses for the same shooting.

The state insists that defendant's contention here can only be construed as an attack on the information and is therefore waived since it did not come in the form of a pretrial motion to dismiss. We agree. Defendant first asserted this challenge to the propriety of the information in his motion to correct errors, which was too late. The law is clear that defendant's challenge to the information must be by written motion to dismiss filed prior to trial. Ind.Code § 35–34–1–4 (Burns Supp.1984). *McChristian v. State*, (1979) 272 Ind. 57, 396 N.E.2d 356; *Blair v. State*, (1977) 173 Ind. App. 558, 364 N.E.2d 793. No such motion was ever filed. We therefore conclude defendant has failed to preserve any error relating to the propriety of the information.

■ We also note that even if defendant had filed a timely motion to dismiss, the trial court could have properly rejected his claim. The state's information here is proper under Ind.Code § 35–34–1–9 (Burns Supp.1984), and has been approved by this Court on prior occasions. *Vaughn v. State*, (1978) 269 Ind. 142, 378 N.E.2d 859. *Carter v. State*, (1977) 266 Ind. 140, 361 N.E.2d 145.

## II.

Defendant next claims that the evidence is insufficient to support the verdict and also that the trial court erred in instructing the jury on the offense of attempted voluntary manslaughter. Specifically, defendant maintains that the evidence of sudden heat in this case is insufficient to either warrant an instruction or sustain the conviction.

■ It is well settled that when the Court is confronted with a challenge to the

sufficiency of the evidence, we may not weigh the evidence nor judge the credibility of witnesses. Rather, we are required as an appellate tribunal to examine the evidence most favorable to the fact finder's conclusion, together with reasonable inferences which may be drawn therefrom. If, from that viewpoint, there is substantial evidence of probative value to support the fact finder's conclusion that defendant was guilty beyond doubt, it will not be disturbed. *Easley v. State*, (1981) Ind., 427 N.E.2d 435; *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776. Similarly, if there is any evidence in the case to support the giving of an instruction, it is not error to give such instruction. *Abbott v. State*, (1981) 275 Ind. 384, 417 N.E.2d 278; *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770.

█ Here, the record shows that defendant was extremely angry when he confronted Phillips. His anger was based on defendant's belief that Phillips had planned to burglarize his apartment. The record further shows that the two men engaged in a heated argument which resulted in the shooting. We conclude this was evidence warranting the inference that defendant was acting in anger and frustration. There was no error in the giving of the instruction and there is sufficient evidence of sudden heat to sustain the conviction.

### III.

█ Defendant next contends that the trial court erred in enhancing the presumptive sentence by five years for aggravating circumstances. He specifically maintains that the trial court improperly relied on the fact that the victim in this case suffered serious bodily injury. Defendant, relying on our decision in *Green v. State*, (1981) Ind., 424 N.E.2d 1014, argues that since "serious bodily injury" was an element in the offense, it could not later be used to enhance a presumptive sentence. Defendant's reliance on *Green* is misplaced. In that case the trial court improperly used an element of the offense to later enhance defendant's sentence. However, in the case at bar, "serious bodily injury" is not an element of attempted voluntary manslaughter.

At the sentencing hearing the trial judge noted that although defendant had no prior felony conviction, he did have a history of criminal activity, including several disorderly conduct convictions. The trial judge also listed the fact that the victim suffered severe bodily injury which will require extensive and prolonged medical treatment. He then indicated that the victim had no insurance to cover his medical expenses and was certain to sustain a severe financial loss. We conclude the trial judge properly and sufficiently gave on the record his reasons for imposing the sentence he did.

### IV.

Defendant finally contends that the trial court erred in allowing Paul Parsons, the arresting officer, to recount at trial statements allegedly made by defendant at the time of his arrest. The pertinent portion of the record reveals the following testimony during direct examination:

Q. 61 "Can you describe to the jury then how the arrest took place, what actually took place at that time?"

A. "Yes. On the, reading the arrest warrant to him, once this was done I then advised Mark Wright of his rights from a small card I carry in my wallet."

Q. 62 "What rights are you referring to?"

A. "His constitutional rights."

Q. 63 "Are they similar to the Advice of Rights that—"

A. "Yes, they are."

Q. 64 "We've read to the jury?"

A. "Yes."

Q. 65 "Is that the *Miranda* Warning?"

A. "Yes, they are."

Q. 66 "Okay. And what occurred then?"

A. "Okay, then myself and Det. James Parsons put Mark Wright in our Detective unit."

Q. 67   "Can you describe his attitude at that point?"

A.      "He was very hostile."

Q. 68   "Okay.  What occurred next?"

A.      "Before putting him into the Detective unit we put handcuffs on him and once we got him into the car he would become very sarcastic again. He wanted to know what all of this was about.  I advised him, I think you know what it is about.  He said well, I went to Phillips's apartment but I didn't shoot him.  He said I don't know anything about it, but he did quote. He said, *'I hope the son of a bitch dies cause I hate him.'* "  (Emphasis added.)

Defendant now argues that such evidence should have been disallowed because the state never advised the defense of the statement as it was required to do under the court's discovery order.  Significantly, the record shows that the defendant failed to object to any portion of Parsons's testimony.  However, defendant urges this Court to review this issue under the fundamental error doctrine.

 An exception to the requirement of a timely in-trial objection occurs when the error is fundamental.  *Malo v. State,* (1977) 266 Ind. 157, 162, 361 N.E.2d 1201, 1204.  "Such errors have been variously described as a failure to meet the requirements of due process of law, gross error which offends our concept of criminal justice, and the denial of fundamental due process."  *Nelson v. State,* (1980) 274 Ind. 218, 409 N.E.2d 637, 638 (citations omitted). In order to rise to the level of fundamental error the error must constitute a clearly blatant violation of basic and elementary principles, and the harm or potential for harm therefrom must be substantial and appear prospectively.  *Nelson,* 409 N.E.2d at 637; *Phillips v. State,* (1978) 268 Ind. 556, 561, 376 N.E.2d 1143, 1146.

We believe that the error complained of here does not rise to the level of fundamental error.  An examination of the challenged testimony and other parts of the record does not lead to any definite conclusion that the state violated the court's discovery order.  The court's order did require the state to provide "all oral and written statements and/or admissions made by defendant."  However, it cannot be clearly discerned from the record that the state was ever aware of the comment before Parsons's testimony.  The record discloses that the prosecutor did not solicit the testimony from Officer Parsons.  The record further shows that when a typewritten police report prepared by Parsons was examined there was no mention of defendant's remark in it.  We find no fundamental error here.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.