LARRY THOMAS ENGLAND v. STATE OF INDIANA

[No. 678S115. Filed December 20, 1978.]

*Noble R. Pearcy*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Elmer Lloyd Whitmer*, Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of second degree murder and was sentenced to life imprisonment. In this appeal, he raises essentially one issue: That the verdict of the jury was not supported by sufficient evidence of premeditation, malice, and purpose. We consider only the latter two elements, as premeditation is not an element of second degree murder. IC § 35-1-54-1 [Burns 1975].

The evidence most favorable to the State reveals that the decedent John R. Harris was stabbed to death in a fight outside the Blue Front Tavern in Indianapolis on June 16, 1975. The decedent and one Donald Davenport got into an argument around 10:00 p.m. They were separated, sat down together, and then at 11:00 p.m. the two left the tavern by way of the back door. Appellant and several other patrons of the bar followed them outside. The decedent and Davenport began fighting. Appellant then joined in. He kicked the decedent and struck him with his fists. While the decedent and Davenport were on the ground, with the decedent on top of Davenport, appellant stabbed the decedent several times.

Appellant himself testified that he stabbed the decedent. He also demonstrated to the jury how he held the knife, and his movements in the stabbing.

This Court, on appeal, does not reweigh conflicting evidence, but will instead leave such considerations to the jury. So long as the record contains substantial evidence of probative value from which the jury could have inferred the elements of the charged offense, the conviction will be affirmed. *Spaulding v. State*, (1978) 268 Ind. 23, 373 N.E.2d 165. The jury may infer the elements of malice and purpose from the circumstances of the stabbing, the use of a deadly or dangerous weapon, or the act of killing a human being. *Lindley v. State*, (1978) 268 Ind. 83, 373 N.E.2d 886.

Viewing the evidence in the case at bar in the light most favorable to the State, it is clear that there is sufficient evidence of malice and purpose to support the verdict of the jury. The events of the stabbing as recited above, the use of the knife, and the uncontroverted evidence that appellant did in fact stab and kill the decedent constitute substantial evidence of probative value that ap-

pellant maliciously and purposely killed the decedent. Although appellant argues he was attempting to defend Davenport from the onslaught of the decedent, it was the prerogative of the jury to weigh the testimony in this regard.

The judgment of the trial court is affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ. concur.

NOTE—Reported at 383 N.E.2d 320.