Ollis Lee PERRY, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 878S169.

Supreme Court of Indiana.

April 17, 1979.

Harriette Bailey Conn, Public Defender, Robert H. Hendren, State Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Joel Schiff, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

The defendant (Appellant) was charged with delivery of heroin. Trial was held on February 15, 1977, and the jury returned its verdict of guilty, for which he was sentenced to imprisonment for fifteen (15) years. On appeal, he raises the following issues:

(1) Whether the evidence presented at trial was sufficient, as a matter of law, to sustain the conviction and more specifically, whether there was substantial and probative evidence identifying the defendant as the person who sold the heroin to the undercover policeman.

(2) Whether the trial court erred in failing to give, *sua sponte*, a cautionary instruction to the jury limiting the effect of the admission of evidence of other crimes.

\*   \*   \*   \*   \*   \*

### ISSUE I

A complete recital of the evidence is not required as its sufficiency is questioned only with respect to the identification of the defendant.

The transaction took place in a parking lot at night. There was conflicting evidence concerning the intensity of the light, hence the visibility of the transaction to on-lookers. In addition, the defendant challenged the credibility of the identifying witnesses, because they made no mention of a distinguishing burn scar upon his forehead.

Michael Van Ryn, an undercover police officer for the Fort Wayne Police Department, testified that he had purchased for fifty dollars ($50.00), a substance (later identified as heroin) from the defendant during the evening of February 28, 1976. Officer Van Ryn also testified concerning two other drug transactions in which the defendant was involved. He positively identified the defendant as the seller of the heroin.

Orville Roberts, a Fort Wayne police officer assigned as a "back-up" to Officer Van Ryn, testified that he had observed the drug transaction from a distance of approximately one-fourth of a block; and he further stated that the area was well-lighted.

The defendant testified that he had never sold heroin or any other kind of drug, that the parking lot was poorly lighted, and that he had had a burn scar on his forehead since childhood. (Officer Van Ryn's original description of the suspect did not mention a scar.) Two other witnesses for the defense testified that the defendant's scar dated back to the early 1950's. In rebuttal, Officer Roberts testified that he had had a "little altercation" with the defendant in 1971 and that he had seen him on other occasions. He further stated that he had no doubt that it was the defendant he had seen on the night in question.

"When the sufficiency of the evidence is raised as an issue upon appeal, this Court will consider only that evidence of probative value most favorable to the State, together with all logical and reasonable inferences which may be drawn therefrom. If such evidence and inferences would permit a reasonable trier of fact to find the existence of each element of the crime charged beyond a reasonable doubt, the verdict will not be disturbed." *Baum v. State* (1976) 264 Ind. 421, 345 N.E.2d 831, 834–35.

The defendant contends that this is a case of mistaken identity, that neither officer described the suspect as having a scar, and "that the striking facial scar not noted by the chief witness for the State renders his testimony inherently improbable under the doctrine of *Thomas v. State* (1958) 238 Ind. 658, 154 N.E.2d 503." However, the conviction in the *Thomas* case was reversed because the sole evidence supporting that conviction consisted of the testimony of two young girls, ages seven and eight, which was riddled with inconsistencies and contradicted by an "unimpeachable" alibi defense. We there said that we would not permit a conviction to stand when an essential element of the necessary proof is based *entirely* on evidence that is inherently improbable and runs counter to human experience. Whereas in the present case, although the failure of State's witnesses to note and testify concerning a distinguishing physical characteristic tends to discredit the identification testimony, it does not render it inher-

ently improbable. Rather, it was merely a circumstance to be weighed by the fact finders. We do not find the evidence wanting, as a matter of law.

## ISSUE II

The defendant asserts that the trial court erred in failing to give, *sua sponte*, a limiting instruction to the jury with respect to the purpose for which evidence of the defendant's involvement in two prior drug sales could be considered. In relying upon Rule 8(F) of the Indiana Rules of Criminal Procedure,[1] he states:

> "It is conceded that certain instructions were given at trial on these points. However, it is submitted that these constitute mere perfunctory compliance with the rule, and that the trial court should be required, under the rule, to instruct as to the limited evidentiary effect of the other criminal acts, as a part of its burden to instruct on the 'manner of weighing the testimony to be received.'"

Defendant admits that this issue was not raised in his motion to correct errors. He asserts that the alleged error is fundamental, but he cites no supporting authority and makes no plausible argument to sustain that position. (App. Rule 8.3(A).)

Under the circumstances of this case, the trial court would have been required to give the limiting instruction *if* the defendant had requested such; however, the trial court was under no duty to give the instruction *on its own motion*. Defendant's reliance upon *Miller v. State*, (1977) Ind., 364 N.E.2d 129 is misplaced. His case does not fall under the purview of the duty of the court to instruct upon the fundamentals of the State's burden of proof.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.

1. RULES OF CRIMINAL PROCEDURE, 8(F): When the jury has been sworn the court shall instruct in writing as to the issues for trial, the burden of proof, the credibility of witnesses, and *the manner of weighing the testimony to* be received. Each party shall have reasonable opportunity to examine such instructions and state specific objections thereto out of the presence of the jury and before any party has stated his case. (Emphasis added.)