Otis BURR, Appellant,

v.

STATE of Indiana, Appellee.

No. 479S100.

Supreme Court of Indiana.

May 1, 1980.

William R. Clifford, Anderson, for appellant.

Theodore L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Otis Burr, was convicted of rape, a class A felony, Ind.Code § 35–42–4–1(a) (Burns 1979 Repl.), and burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1979 Repl.). He was sentenced to concur-

rent terms of thirty years and ten years respectively and now appeals raising the following two issues:

1. Whether defendant was denied a fair trial due to the absence of any persons of the black race on the jury; and

2. Whether the identification of defendant was sufficient to support the convictions.

A summary of the facts from the record most favorable to the state shows that two black men armed with knives broke into the victim's apartment around 4:30 a. m. on October 2, 1977. Both men raped the victim and went through her belongings, including her purse and jewelry box. The victim identified defendant as one of these men who raped her twice, shook her, and threatened her. The men disabled her telephone before they left and the victim had to drive to a gasoline station in order to call the police.

The next day, the victim picked out photographs of her assailants at the police station. She did not make a positive identification of defendant at that time because the picture the police had of him showed him as being younger. She did pick out this younger photograph of defendant and asked to see a more recent picture of him. She told the police that she thought this person was the same as someone who had come around the vicinity of her apartment during the summer when she was out in the yard and had made some casual remarks to her. She made this connection by both the appearance and the remarks made by one of the assailants during the attack.

While working at a local newspaper office some time later, the victim saw the name of defendant in a newspaper. At that time she recognized the name and address as being that of the man who had talked to her during the summer. She saw in the paper that this man would be appearing in court two days later, so she went to court and immediately recognized defendant as the man who had talked to her during the summer and who had been one of her attackers during the instant crime. After viewing defendant in court, she told

the police of her identification and later positively identified defendant during the trial as one of her assailants.

Defendant was found guilty of rape and burglary and was initially sentenced to thirty years on each count as being a class A felony. However, defendant subsequently pointed out to the trial court that the verdict on the burglary count was a verdict of guilty of burglary as a class B felony rather than as a class A felony, and the court corrected the sentence on that count to ten years.

## I.

Defendant first alleges that he was denied his constitutional right to a fair and impartial trial because there were no blacks on the jury. He acknowledges that while the right to an impartial trial precludes systematic and intentional exclusion of any particular class of persons, it does not necessarily mean that every jury, even though there is no intentional exclusion, must contain representatives of all economic, social, religious, racial, political and geographical groups of the community. *Cade v. State*, (1976) 264 Ind. 569, 348 N.E.2d 394, reh. denied 352 N.E.2d 473; *Shuemak v. State*, (1970) 254 Ind. 117, 258 N.E.2d 158.

He argues, however, that the law is not constitutionally fair as applied to him, and asks us to infer that the jury was inherently prejudiced in his case since the alleged crime involved the rape of a white woman by a black man. He further suggests that there should be at least one black person on the jury in every serious felony case wherein the alleged victim is white and the accused is black. This proposal is clearly directed to legislative policy and not the constitutional standard for fair and impartial trials.

We have consistently held that jury selection systems are required to draw prospective jurors from a fair cross section of the community and the burden of demonstrating purposeful discrimination is on defendant. *Holt v. State*, (1977) 266 Ind. 586, 365 N.E.2d 1209; *Cade v. State, supra;*

*Owens v. State,* (1975) 263 Ind. 487, 333 N.E.2d 745. Jurors need not be mathematically proportioned to the character of the community and there is no requirement that any particular class be represented on every jury. *Holt v. State, supra; Tewell v. State,* (1976) 264 Ind. 88, 339 N.E.2d 792.

In the instant case, the trial judge explained that the jury commissioners selected veniremen impartially from the list of registered voters and that one of the jury commissioners was a black person. He stated that some panels of prospective jurors had more blacks than others. In defendant's case, there was only one black person on the initial jury panel and he was excused because of a physical infirmity. However, the fact that the particular jury which tried defendant did not have any blacks does not sustain the burden placed on defendant. He has not shown any purposeful discrimination or any disparity between the percentage of blacks in the jury district and of jurors called over a period of time. The argument here does not present sufficient evidence to show defendant was denied a fair trial.

### II.

Defendant also contends that there was insufficient evidence of identification to sustain the verdict. In reviewing the sufficiency of the evidence, this Court does not reweigh the evidence or judge the credibility of witnesses. Looking at the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom, we will not disturb the verdict if there is substantial evidence of probative value to support each essential element of the offense. *Wofford v. State,* (1979) Ind., 394 N.E.2d 100; *Poindexter v. State,* (1978) Ind., 374 N.E.2d 509.

There is nothing inherently improbable in the victim's testimony in this case. Defendant points to the fact that the victim did not positively identify him from the photographs during her first visit to the police station. He argues that while he did speak to her during the summer on a few occasions, he did not have any part in the instant crime and that there has been a misidentification by the victim.

However, there is substantial evidence which supports the identification. The victim testified that there was sufficient light in her apartment from outside security lights for her to get a good look at her assailants. She was able to describe their physical appearance, clothes, and ages in detail to the police immediately after the crime. She was able to make a tentative identification with pictures that showed defendant at a younger age. No impermissibly suggestive identification procedures were used by police. She made a positive identification of defendant at trial. Furthermore, the police also had seized a ring from defendant which the victim identified as hers. Although there is a conflict between the testimony of the victim and defendant, there is substantial evidence of probative value to support the verdict.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.