Curtis B. NELSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 677S472.

Supreme Court of Indiana.

Sept. 26, 1980.

Nile Stanton, Stanton, Boyle, Hyatt & Reuben, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Jack R. O'Neill, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

This is an appeal from the denial of post conviction relief. Petitioner, Nelson, was convicted of Second Degree Murder in 1970 over a claim and some evidence of self–defense. His direct appeal to this Court resulted in an affirmance, reported at 259 Ind. 339, 287 N.E.2d 336.

Petitioner filed a petition for post conviction relief under Ind. Rule P.C. 1, predicated upon newly discovered evidence, on January 8, 1975; and the trial court granted summary judgment denying relief on April 24, 1975. No appeal was taken from such judgment.

On February 11, 1976, the petitioner filed a second petition for relief under Ind.Rule P.C. 1, and it is the trial court's denial of relief upon this petition that is now before us.

At the trial on the murder charge, petitioner's attorney tendered no instructions. The court gave general instructions on the presumption of innocence and the State's burden to prove the Petitioner's guilt, beyond a reasonable doubt and there defined reasonable doubt. It also gave a general instruction on the right to the exercise of self–defense. It gave no instruction upon the relevance of the petitioner's and the decedent's respective reputations for peace and quietude.

The instruction on self–defense advised that one could exercise the right of self–defense when he reasonably believed himself to be in danger from the "act of his assailant" rather than from the "acts and threats of his assailant," and Petitioner contends that the instruction was, therefore, fatally defective. He further charges that such

defect and the failure to instruct, *sua sponte* and specifically, that the State had the burden to prove, beyond a reasonable doubt, that he did not act in self–defense and that the reputation of the petitioner and the decedent could be considered was reversible error.

The trial court denied relief upon the petition, responding affirmatively to the State's answers that such errors had been waived, and the issue before us is whether the matters complained of, if in fact errors, were such as have become known as *fundamental error*, which may be raised at any time. Such errors have been variously described as a failure to meet the requirements of due process of law, *Wilson v. State*, (1943) 222 Ind. 63, 83, 51 N.E.2d 848; gross error which offends our concept of criminal justice, *Young v. State*, (1967) 249 Ind. 286, 289, 231 N.E.2d 797; and the denial of fundamental due process, *Johnson v. State*, (1979) Ind., 390 N.E.2d 1005, *cert. den.*, 444 U.S. 944, 100 S.Ct. 302, 62 L.Ed.2d 312.

It is Petitioner's contention that the errors alleged rise to the stature of *fundamental error* because they denied him the benefit of reasonable doubt and the requirement that the State carry the burden of proof upon the issue of self–defense and the benefit of having relevant evidence properly considered, all in contravention of constitutional requirements of due process of law. The cases cited by him in support of his claims, however, have been cases where the errors were clearly blatant violations of basic and elementary principles, and the harm or potential for harm therefrom could not be denied. In *Wilson v. State, supra*, it was patently clear from the record that the appellant had had what amounted to no representation and, as if that were not blatant enough, substantial interference from an obviously biased, domineering trial judge. In *Young v. State, supra*, both the verdict and the attempted corrected verdict, in a trial to the court, were for non–existent offenses.

In *Ford v. State*, (1967) 248 Ind. 438, 229 N.E.2d 634, the record clearly disclosed that the trial judge had induced the appellant to waive a trial by jury by representing to him that his chances of a lesser or suspended sentence would thereby be greater. And in *Kleinrichert v. State*, (1973) 260 Ind. 537, 297 N.E.2d 822, the sentence imposed was not authorized by statute.

■ The platitudes, which Defendant has quoted from the above cited cases and others, wherein we have referred to fundamental error, are significant only in context. Error may not be said to be fundamental merely because it relates in some manner to the violation of a constitutional right. *Johnson v. State, supra*. If that were not true, there probably could be no error that is not fundamental.

■ We have rejected numerous claims of fundamental error, notwithstanding that the alleged errors would have borne upon constitutional rights, because the violation did not appear to be inherently wrong nor the consequences clear and dire. A mere nexus between the right and the error is not sufficient. To be categorized as fundamental error and thus to transcend our procedural requirements, the error must be blatant, and the potential for harm must be substantial and appear clearly and prospectively. *Johnson v. State, supra; Perry v. State*, (1979) Ind., 387 N.E.2d 1315; *Richard v. State*, (1978) Ind., 382 N.E.2d 899, *cert. den.*, (1979) 440 U.S. 965, 99 S.Ct. 1515, 59 L.Ed.2d 781; *Phillips v. State*, (1978) Ind., 376 N.E.2d 1143; *Webb v. State*, (1972) 259 Ind. 101, 284 N.E.2d 812.

■ Squarely on point with the case before us is *Harris v. State*, (1978) 268 Ind. 594, 377 N.E.2d 632, wherein we held that the failure to tender or to object to the court's failure to give an instruction on self–defense, although such an issue would have been appropriate under the evidence, waived any error in the court's failure to give such instruction. The claim of fundamental error transcending our rules of appellate procedure was expressly rejected. Similarly, the claim was rejected where the court did not give, *sua sponte*, an instruction on lesser included offenses, although

such an instruction was warranted by the evidence. *Helton v. State*, (1980) Ind., 402 N.E.2d 1263. And in *Miller v. State*, (1977) 266 Ind. 461, 364 N.E.2d 129, we held that a less than perfect instruction upon the State's burden of proof was not fundamental error, notwithstanding that a proper instruction thereon was mandated by Ind.R. Cr.P. 8(F). Entitlement to the instructions that Petitioner now deems would have been desirable was not a matter of fundamental right but, rather, was one that was required to be claimed. *Helton v. State, supra; Rufer v. State*, (1976) 264 Ind. 258, 262, 342 N.E.2d 856; *Barker v. State*, (1958) 238 Ind. 271, 150 N.E.2d 680.

The trial judge properly concluded that the right to have such instructions had been waived; and the judgment is, therefore affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.