**Boyd McCHRISTION, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 1285S537.

Supreme Court of Indiana.

July 31, 1987.

Susan K. Carpenter, Public Defender, Carolyn J. Fitch, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Boyd McChristion was accused of participating in a robbery and shoot-out at the Concannon Cleaners in Indianapolis

on July 29, 1975. He was convicted after a jury trial of commission of a felony while armed and inflicting physical injury while in the commission of robbery. McChristion was sentenced to life imprisonment. This Court affirmed those convictions on direct appeal. *McChristian v. State* (1979), 272 Ind. 57, 396 N.E.2d 356. He subsequently filed a petition for post-conviction relief and now appeals its denial.

McChristion argues that equal protection requires that Indiana offer parole for its felons serving life sentences at the same time it is offered by surrounding states. He also argues that he is denied equal protection because an older convict serving a life sentence might die before becoming eligible for parole and thus serve fewer years than McChristion. To her credit, the Public Defender presents these arguments but does not press them.

On a more substantial note, McChristion offers the following issues:

1) Whether he was denied the effective assistance of trial counsel;

2) Whether prosecutorial misconduct requires reversal of McChristion's convictions, and

3) Whether the post-conviction court properly found that McChristion had waived the remaining issues in his petition.

The evidence at McChristion's trial showed that he and two other youths planned and executed the robbery of the cleaners. The owner of the business, Cletus Concannon, was sitting in his parked vehicle immediately outside the cleaners. Donald Smith was standing on the sidewalk talking to Concannon. One of the youths, Richard Mahaley, took Smith's wallet and the purse of a passerby, while McChristion guarded Smith and Concannon with a shotgun. In the meantime, the third youth, alleged to be Larry Ingram, was pointing a handgun at an employee inside the cleaners and taking approximately $30 from the cash register.

The third youth exited the cleaners, approached Concannon and demanded his billfold. As Concannon spoke to the youth, McChristion shot in their direction, breaking the vehicle's windshield and wounding both Smith and the third youth. Concannon returned fire, but the three youths escaped. Ingram and Mahaley were arrested soon after the robbery, but McChristion evaded police for approximately a month. He was arrested at his sister's home, where a shotgun similar to that used in the robbery was found next to his bed.

McChristion and Ingram were jointly tried. Mahaley, a juvenile, agreed to testify against them under a plea agreement with the State. While McChristion was convicted on both charges, the jury acquitted Ingram of inflicting injury during the commission of a robbery and was deadlocked on the charge of committing a felony while armed. Ingram was retried on the second charge; McChristion testified against him at that proceeding and Ingram was convicted.

The evidence at the post-conviction hearing consisted of the trial record and the testimony of McChristion and the officer who investigated the robbery, Detective R.C. Green. The post-conviction court found that trial and appellate counsel were not ineffective and that the other issues in the petition had been waived.

■ McChristion, as petitioner, had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule PC 1, § 5, Ind.Rules of Procedure for Post-Conviction Remedies. To prevail on an appeal from a denial of post-conviction relief, McChristion must satisfy this Court that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the trial court. *Young v. State* (1984), Ind., 470 N.E.2d 70.

## I. Ineffectiveness of Counsel

McChristion claims for a myriad of reasons that the performance of his trial counsel was so defective that the Sixth Amendment requires reversal of his convictions. He accuses his trial counsel of (1) inadequate investigation and preparation; (2) ineffective cross-examination of witnesses; (3) failure to facilitate negotiation of a plea agreement; (4) inadequate presentation of his motions for separate trial, change of

judge and dismissal of the information; and (5) failure to object to the admission of misleading photographs and testimony concerning his post-arrest silence.

■ To prevail on a claim of ineffectiveness of counsel, petitioner must prove that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Petitioner also must prove that counsel's failure to function was so prejudicial as to deprive him of a fair trial. A fair trial is denied when the conviction or sentence resulted from a breakdown in the adversarial process that rendered the result unreliable. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Elliott v. State* (1984), Ind., 465 N.E.2d 707. In meeting this burden, petitioner must overcome by strong and convincing evidence a presumption that counsel has prepared and executed his client's defense effectively. *Williams v. State* (1987), Ind., 408 N.E.2d 1264.

■ A determination of ineffectiveness of counsel is factually oriented. This Court will not speculate about what may have been the most advantageous strategy, and isolated bad tactics or inexperience does not necessarily amount to ineffective assistance of counsel. *Mato v. State* (1985), Ind., 478 N.E.2d 57.

*A. Investigation and Cross-Examination*

■ The record clearly showed that trial counsel met with McChristion in jail numerous times, presented a defense engineered by McChristion, familiarized himself with the facts and evidence in the case, and raised numerous objections at trial. Furthermore, trial counsel vigorously and effectively cross-examined the State's witnesses. McChristion's disappointment with cross-examination appears to lie more with the witness' answers than with counsel's questions.[1] While petitioner apparently believes that witnesses would have responded more favorably if counsel had asked questions propounded in writing by McChristion, the record indicates that is unlikely. In any case, trial counsel has no obligation to follow a script authored solely by his client. *See Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975) (law and tradition may allocate to counsel the power to make binding decisions of trial strategy). The record clearly supports a denial of relief on McChristion's claims that counsel failed to prepare or cross-examine properly.

*B. Negotiation of a Plea Agreement*

McChristion testified at the post-conviction hearing that he was trying to arrange with Detective Green a plea agreement calling for a 15–year sentence. McChristion testified that he asked his trial counsel to talk to Green and to the deputy prosecutor assigned to the case, Perry Harrold. According to McChristion, trial counsel refused to speak to either individual because it would have been "unethical." McChristion said his plea agreement was to be entered on the day of trial, but that counsel ignored the agreement and proceeded with trial.

McChristion further testified that Harrold and he reached a subsequent agreement whereby McChristion would receive a reduction in sentence in exchange for testifying against Ingram at the retrial. Although McChristion ultimately did testify for the State, his life sentence was not altered.

Detective Green testified at the post-conviction hearing that before trial McChristion gave him a clean-up statement with respect to numerous unsolved burglaries and robberies in which McChristion or others participated. Green testified that he informed Harrold of McChristion's cooperation and that he believed McChristion and Harrold were attempting to work out a plea agreement under which McChristion would receive ten years. Green was not certain that any agreement was ever reached. Green additionally noted that

---

1. Trial counsel diligently attempted on cross-examination to elicit testimony that Smith fired the first shots and that McChristion responded in self defense. However, Smith denied having a gun, and Concannon unequivocally stated that the robbers fired first.

McChristion's attorney was not present at any of Green's conversations with McChristion and that McChristion repeatedly complained about his attorney's lack of cooperation.

■ McChristion has not produced the testimony of his trial counsel or Harrold; consequently, "the trial court was justified in inferring that the attorney would not have corroborated the acts and omissions which led to the alleged inadequate representation." *Davis v. State* (1983), Ind., 446 N.E.2d 1317, 1322. Green did not have the authority to produce a binding plea agreement, and he had no personal knowledge of any plea agreement reached between the prosecutor and McChristion. The only affirmative evidence of the existence of a plea agreement was McChristion's self-serving assertion that he would have received a ten-year sentence but for the uncooperative attitude of his lawyer. The defendant fell short of proving his claim by a preponderance of the evidence.

## C. Inadequate Presentation of Pre-Trial Motions

■ McChristion argues that his attorney ineptly handled his motions to quash the information, for separate trial and for change of judge. The motion to quash the information was filed late and dismissed, but it is not contained in the record. Hence, we cannot adequately review any error associated with it. *Schuman v. State* (1976), 265 Ind. 586, 357 N.E.2d 895.

■ The essence of McChristion's claim concerning the motion for separate trial is that trial counsel should have noted a potential *Bruton* problem. In *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the United States Supreme Court held that the Sixth Amendment was violated by the admission at a joint trial of a non-testifying co-defendant's confession inculpating the defendant. In this case, Ingram, the co-defendant who gave the extrajudicial statement, testified at trial. The substance of that statement was never discussed in testimony or admitted at trial. Counsel was not ineffective for failing to recognize a *Bruton* problem when one did not exist.

With regard to the motion for change of judge, trial counsel introduced it by saying that he believed the judge was not prejudiced against McChristion. Nonetheless, trial counsel presented the written motion and then questioned McChristion concerning his reasons for requesting a new judge. McChristion testified that he believed he could not be fairly sentenced by the judge. He assumed prejudice from the fact that the judge had refused to reduce his bond from $20,000, whereas Ingram's bond had been reduced to $2,000. The judge explained that the jury would be determining the sentence and that Ingram's bond reduction had been ordered by a judge *pro tem* who had not been presented with all the facts. Once that error was discovered, Ingram's bond was raised and he was returned to jail.

■ McChristion has failed to demonstrate how he was prejudiced by trial counsel's presentation of the motion. The trial court properly concluded that the foundation for McChristion's motion for change of judge was invalid, and McChristion has failed to establish any other basis for a finding of prejudice. A change of judge simply was not required.

## D. Failure to Object

■ McChristion contends that his counsel should have objected when the investigating officer testified that McChristion did not offer a statement to police after his arrest. McChristion claims the omission was "extremely prejudicial," citing *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). In *Doyle*, the Supreme Court first held that "the use for impeachment purposes of petitioner's silence, at the time of arrest and after receiving Miranda warnings, violated the Due Process Clause of the Fourteenth Amendment." *Id.* at 619, 2245, 422. In this case, however, such testimony occurred during the State's case-in-chief; McChristion was never cross-examined about his failure to make a statement to police. Even if we assume that *Doyle* is applicable to this

**302**

case, counsel was not ineffective for failing to cite that decision because it was handed down after McChristion's trial concluded. *See Bailey v. State* (1985), Ind., 472 N.E.2d 1260. An attorney is not required to prophesy future court rulings and act in accordance with them.

McChristion also claims error from counsel's failure to object to two photographs taken by a surveillance camera in the cleaners during the robbery. The photographs depicted a young black male with his back to the camera. McChristion argues that counsel should have objected on grounds of relevancy or lack of proper chain of custody of the film.

The photographs were relevant to the identity of the robber, alleged to have been Ingram. Inasmuch as the photographs were admitted to implicate Ingram, McChristion's counsel was under no obligation to object to them.

### II. Prosecutorial Misconduct

McChristion claims the photographs of the robbery were so misleading that the prosecutor's use of them constituted misconduct. In reviewing such a claim, this Court first must determine, with reference to case law and the Code of Professional Responsibility, whether the prosecutor's actions rose to the level of misconduct. The next consideration is whether the misconduct, under all the circumstances, placed the defendant in a position of grave peril to which he should not have been subjected. *Maldonado v. State* (1976), 265 Ind. 492, 355 N.E.2d 843.

McChristion concedes that there is no indication that the photographs were false and he presents no cogent argument that they were misleading. Such cannot be the basis for a finding of prosecutorial misconduct.

### III. Waiver

The post-conviction court found that McChristion had waived the issues of prosecutorial misconduct and equal protection by failing to raise them on direct appeal. McChristion responds that appellate

counsel failed to confer with him and was ineffective for failing to raise those issues. Because both of the waived arguments were meritless, appellate counsel was not ineffective for failing to raise them on direct appeal. McChristion has provided no other defense to waiver; the post-conviction court's determination on that issue was clearly correct.

The judgment of the post-conviction court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.