Garry **REYNOLDS**, Appellant
(Petitioner Below),

v.

**STATE of Indiana**, Appellee
(Respondent Below).

No. 64A03–8806–PC–185.

Court of Appeals of Indiana,
Third District.

April 10, 1989.
Transfer Denied July 13, 1989.

Terry E. Johnston, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Petitioner-appellant Garry Reynolds appeals from the denial of his petition for post-conviction relief. The facts relevant to Reynolds' appeal are summarized below.

On April 16, 1982, Reynolds was convicted of murder following a trial by jury. Reynolds filed a direct appeal in which he questioned the propriety of the trial court's *ex parte* communication with the jury, the admission into evidence of photographs of the deceased victim, the refusal to give tendered instructions and the sufficiency of the evidence. Reynolds' conviction was upheld by the Indiana Supreme Court. *Reynolds v. State* (1984), Ind., 460 N.E.2d 506.

Reynolds filed a petition for post-conviction relief on January 6, 1987, and the petition was subsequently amended. Following a hearing on the amended petition, the court entered an order denying post-conviction relief. This appeal ensued.

Consolidated and restated, the issues presented for this Court's review are whether the trial court erroneously entered a judgment of conviction on an amended information which altered the theory of prosecution and whether Reynolds was denied effective assistance of counsel during the criminal proceedings. This Court observes that both issues were available to Reynolds on direct appeal.

Issues which could have been raised by an appellant in a direct appeal may not be asserted later as grounds for post-conviction relief. *Beavers v. State* (1987), Ind., 512 N.E.2d 1106, 1108. Therefore, absent a demonstration of fundamental error, the issues presented by Reynolds are waived. *Barker v. State* (1987), Ind., 508 N.E.2d 795, 797.

The first error raised by Reynolds concerns the amendment of the charging information by the State. In the original information, filed on October 19, 1981, Reynolds was charged with knowingly or intentionally killing Mark R. Coombs "by shooting at and against the body of the said Mark R. Coombs with a certain gun loaded with gun powder and metal bullets." On March 9, 1982, the information was amended to state that Reynolds "kill[ed] another human being, to wit: Mark R. Coombs ... while committing robbery, to wit: by knowingly or intentionally taking United States currency from Mark R. Coombs by using force."

Reynolds contends that in permitting the amendment, the trial court violated subsection (e) of IND.CODE § 35–3.1–1–5 (repealed and replaced by IND.CODE § 35–34–1–5, effective September 1, 1982). That statute provided:

"Notwithstanding any other provision in this section, an indictment or information shall not be amended in any respect which changes the theory or theories of the prosecution as originally stated, or changes the identity of the offense charged...." *Id.*

An amendment which changes the charged offense in an information from murder to felony murder does alter the theory of the prosecution. If Reynolds had interposed an objection to the amendment, the trial court would have been required to disallow the amended information. *See Abner v. State* (1986), Ind., 497 N.E.2d 550 (IND.CODE § 35–3.1–1–5 does not contemplate exercise of discretion by trial court). Yet Reynolds neither objected at trial nor raised the issue of the amended information on direct appeal. The question brought to this Court, then, is not whether the trial court committed reversible error when it allowed the State to amend the information, but whether the error was fundamental.

Fundamental error has been variously described as a failure to meet the requirements of due process of law, gross error which offends the concept of criminal justice, and the denial of fundamental due process. *Nelson v. State* (1980), 274 Ind. 218, 219, 409 N.E.2d 637, 638. To rise to the level of fundamental error, an error must constitute a clearly blatant violation of basic and elementary principles, and the harm or potential for harm must be substantial and appear clearly and prospectively. *Id.* at 220, 409 N.E.2d at 638.

The accomplishment of a change in charges by amendment, although in contravention of IND.CODE § 35–3.1–1–5, did not constitute fundamental error. The State could have achieved the same result by dismissing the information and refiling the charges; that strategy would not have

been proscribed by the statute of limitations, IND.CODE § 35–41–4–2, or the speedy trial rule, Ind. Rules of Procedure, Criminal Rule 4. Because there is no showing of fundamental error, the issue of the amended information which altered the theory of the prosecution is waived.

As his second ground for post-conviction relief, Reynolds asserts that the following incidents, individually and cumulatively, demonstrated ineffective assistance of counsel during the criminal proceedings:

1. trial counsel's failure to object to *ex parte* communication between the foreman of the jury and the trial judge;

2. trial counsel's failure to object to the filing of an amended information changing the charged offense from murder to felony murder;

3. trial counsel's failure to present evidence regarding Reynolds' mental capacity, intoxication and duress at the time the charged offense occurred;

4. trial counsel's failure to object when the jury was permitted to view final instructions which had deletions and extraneous markings;

5. trial counsel's failure to object to improper questions and arguments by the prosecutor; and

6. trial counsel's failure to present Reynolds in the most favorable light at sentencing.

■ To prevail on a claim of ineffectiveness of counsel, a petitioner must prove that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *McChristion v. State* (1987), Ind., 511 N.E.2d 297, 300. Additionally, the petitioner must prove that counsel's failure to function was so prejudicial as to deprive him of a fair trial; that is, the petitioner must demonstrate that the conviction or the sentence resulted from a breakdown in the adversarial process that rendered the result unreliable. *Id.* In meeting this burden, the petitioner must overcome by strong and convincing evidence a presumption that counsel has prepared and executed his client's defense effectively. *Id.*

■ For his first example of inadequate representation, Reynolds points to trial counsel's failure to object to *ex parte* communication between the judge and a member of the jury. While the jury was deliberating and before it had reached a verdict, a member of the jury called the trial judge in his chambers from a telephone located in the jury room. The juror wanted to know why the State had not called a co-defendant to testify in this case. Without informing Reynolds or counsel and without calling the jury into open court, the trial judge instructed the inquiring juror that the State was not required to call the co-defendant as a witness, nor was Reynolds required to call him as a witness. After the jury had reached its verdict but before it was announced, the attorneys and Reynolds were informed of the *ex parte* communication. Reynolds' trial counsel did not object or request a mistrial.

On direct appeal, the Indiana Supreme Court characterized the exchange between judge and juror as highly improper. *Reynolds, supra,* 460 N.E.2d at 508. However, the Supreme Court indicated that the error was not so blatant that Reynolds was deprived of any realistic opportunity for a fair hearing. *Id.* at 509. Given the Supreme Court's analysis of the incident, this Court must conclude that defense counsel's failure to object to the *ex parte* communication was not so prejudicial as to deny Reynolds a fair trial.

■ Reynolds next contends that trial counsel was ineffective because no objection was made when the State amended the information to change the charged offense from murder to felony murder. As this Court previously noted, the State could have dismissed the information and refiled the charges if defense counsel objected to the amendment. Although the amendment technically presented grounds for objection, the failure to object did not constitute ineffective assistance of counsel.

■ According to Reynolds, another example of inadequate representation may be found in trial counsel's failure to present

evidence concerning Reynolds' mental capacity, intoxication and duress at the time of the charged offense. Reynolds complains that his attorney did not spend sufficient time in consultation with him to develop those defenses. It is well settled that minimal consultation does not necessarily show incompetent representation. *Jackson v. State* (1975), 264 Ind. 54, 57, 339 N.E.2d 557, 560.

 Reynolds also suggests that defense counsel was ineffective because he did not have Reynolds testify about being intoxicated, and because he did not submit jury instructions regarding intoxication as a defense. The decision whether a defendant should testify is a matter of trial strategy. *Poindexter v. State* (1972), 154 Ind.App. 534, 537, 290 N.E.2d 512, 513. Likewise, the decision whether to utilize exculpatory evidence, and to submit instructions concerning the effect of such evidence, is a matter of trial strategy. *See Tessely v. State* (1982), Ind., 432 N.E.2d 1374, 1376. This Court will not speculate as to what may have been the most advantageous strategy in a particular case. *Mato v. State* (1985), Ind., 478 N.E.2d 57, 60.

 Reynolds urges this Court to find that defense counsel was ineffective because the attorney did not object when the trial judge sent a copy of the instructions to the jury room prior to deliberations. Reynolds concedes that instructions which have been read in open court may be sent to the jury room.

*Maxie v. State* (1985), Ind., 481 N.E.2d 1307; *Jameison v. State* (1978), 268 Ind. 599, 377 N.E.2d 404.

However, he stresses that the instructions contained extraneous markings condemned by the Supreme Court in *Cornett v. State* (1982), Ind., 436 N.E.2d 765.

Like the instructions in *Cornett*, the instructions in the instant case were labeled in such a way that the jury could learn which party had submitted them and in what order the party wished them to be read. Certain instructions were modified in a manner which permitted the jury to read the deleted portions. Based on *Cornett*, an argument could be made that the trial court erred when it sent the jury written instructions unpurged of extraneous markings.

Yet *Cornett* was handed down two months after Reynolds' trial was concluded. Without the insight provided by the Supreme Court in *Cornett*, defense counsel's silence when the jury was permitted to view the instructions was reasonable. "An attorney is not required to prophesy future court rulings and act in accordance with them." *McChristion, supra,* 511 N.E.2d at 302.

Further evidence of inadequate representation, according to Reynolds, is found in defense counsel's failure to object to one question asked by the prosecutor of a co-defendant and in defense counsel's failure to object to various statements in the prosecutor's final argument. Upon examination of the question and portions of the argument deemed improper by Reynolds, this Court finds that no grounds for objection existed.

Lastly, Reynolds argues that defense counsel failed to present him in the most favorable light at the sentencing hearing. This Court must disagree with Reynolds' contention. The defense attorney emphasized that Reynolds was young and that he was intoxicated at the time the charged offense occurred. Reynolds was permitted to give a statement expressing his feelings of remorse. There is no indication that trial counsel abandoned his role as advocate for the defendant in the sentencing hearing, as Reynolds intimates.

 The failure to raise the issue of inadequacy of counsel on direct appeal generally waives the issue for post-conviction relief purposes, unless the ineffectiveness rises to the level of fundamental error. *Barker, supra,* 508 N.E.2d at 797. The performance of defense counsel in the instant case may not be deemed so ineffective as to constitute fundamental error. Therefore, the issue is waived.

The denial of post-conviction relief is affirmed.

GARRARD and CONOVER, P.JJ., concur.