**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ZACHARY T. ROSENBARGER**
Wuertz Law Office, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| O.M., | ) |
|     Appellant-Defendant, | ) |
|         vs. | ) No. 49A02-1110-PC-908 |
| STATE OF INDIANA, | ) |
|     Appellee-Plaintiff. | ) |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Annie Christ-Garcia, Judge
Cause No. 49F24-0911-FD-97916

**September 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

O.M. appeals the trial court's denial of her petition for post-conviction relief, which sought to set aside her entry of a guilty plea to Theft, as a Class D felony, on the basis of ineffective assistance of counsel in advising her of certain consequences of her guilty plea.[1] We affirm.

## Facts and Procedural History

On November 28, 2009, O.M. and her husband, Curtis Jimmison ("Jimmison"), were arrested for shoplifting from a Saks Fifth Avenue store in Indianapolis. At the time of her arrest, O.M. had merchandise on her person worth approximately $690, and Jimmison had merchandise worth approximately $35. (Tr. at 28.) The State charged O.M. with Theft, as a Class D felony. On April 13, 2010, with advice of counsel, O.M. entered into a plea agreement with the State and pled guilty, as a result of which she was afforded alternative misdemeanor sentencing treatment under Indiana Code Section 35-50-2-7 and was sentenced to four days of imprisonment and 176 days of probation. Jimmison was charged with shoplifting, a misdemeanor, and was afforded diversionary sentencing.

O.M. had immigrated to the United States from Russia in 2006, had taken courses toward the prerequisites for admission to medical school, and had completed a nursing

---

[1] On appeal, O.M. argues that the trial court should have given her an advisement concerning the effect of her conviction upon any attempt to obtain a professional license in Indiana. "The failure to raise an issue at trial waives the issue on appeal." Wilson v. State, 931 N.E.2d 914, 919 (Ind. Ct. App. 2010), trans. denied. Nor may a party "raise one ground for objection at trial and argue a different ground on appeal." Id. In her proposed findings of fact and conclusions of law to the post-conviction court, O.M. stated, "Petitioner is not claiming [that the trial court] should have advised differently" than it did at the time of her guilty plea. (App. 39.) Having thus argued before the trial court, O.M. has waived for purposes of appeal her argument that the trial court should have given an advisement.

degree at Ivy Tech State College in 2009. At the time of her offense, O.M. had a pending application before the Indiana Department of Professional Regulation ("the Department") to become a Licensed Practical Nurse ("L.P.N."). As a result of her conviction, the Department granted O.M. probationary licensure subject to later review for withdrawal of the probationary status. However, O.M.'s plea permitted her to avoid deportation from the United States.

After obtaining her L.P.N. probationary license, O.M. sought commensurate employment and applied for positions as an L.P.N., a certified nurse's aide, and a medical assistant. She was unable to obtain such employment. On several occasions, employers told O.M. the reasons for denial of employment were her probationary license and her Theft conviction. Several potential employers told O.M. that she would not be considered for employment commensurate with her licensure until five years after the date of her conviction. O.M.'s conviction also prevented her from obtaining volunteer positions that might satisfy the hands-on experience requirements of the physician's assistant programs.

In addition to seeking employment that would make use of her license, O.M. planned to apply for admission into a program to become a physician's assistant. The programs to which she planned to apply required 2,000 hours of hands-on work experience for admission. Thus, O.M. also sought employment to fulfill this requirement, but her failure to obtain such work frustrated this effort.

On February 3, 2011, O.M. filed her petition for post-conviction relief, which claimed that her trial counsel had not advised her of the licensure and employment consequences of

3

entering a plea for a felony conviction for Theft. An evidentiary hearing was conducted on June 6, 2011, during which O.M. and John Campbell ("Campbell"), her trial counsel, offered testimony concerning the decision to enter a guilty plea. Upon request of the post-conviction court, each party filed proposed findings and conclusions.

On August 5, 2011, the trial court denied O.M.'s petition for post-conviction relief. On September 1, 2011, O.M. filed her motion to correct error, which the trial court denied on September 8, 2011.

This appeal followed.

**Discussion and Decision**

O.M. argues that the trial court erred in denying her petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Id. On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. Id. In this review, findings of fact are accepted unless they are clearly erroneous and no deference is accorded to conclusions of law. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of the

4

witnesses. Id.

Generally, to establish a post-conviction claim alleging the violation of the Sixth Amendment right to effective assistance of counsel, a defendant must establish the two components set forth in Strickland v. Washington, 466 U.S. 668 (1984). "First, a defendant must show that counsel's performance was deficient." Id. at 687. This requires a showing that counsel's representation fell below an objective standard of reasonableness and that "counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment." Id. "Second, a defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial," that is, a trial where the result is reliable. Id.

In order to demonstrate that trial counsel was ineffective, the petitioner must prove that his trial counsel's representation "fell below an objective standard of reasonableness under prevailing professional norms." McChristion v. State, 511 N.E.2d 297, 300 (Ind. 1987). The petitioner must overcome the strong presumption that counsel prepared and executed a defense effectively. Id. The inquiry into ineffectiveness of counsel is factually oriented, and thus we do not speculate as to what may have been the most advantageous strategy; isolated bad tactics or inexperience do not necessarily amount to ineffective assistance of counsel. Id.

Here, O.M. argues that her trial counsel was ineffective because he did not advise her of certain consequences—namely, complications with her licensure as a nurse and obtaining

pertinent employment—of entering a guilty plea to Theft, as a Class D felony, and thus seeks that we order her conviction be set aside. Because of the nature of O.M.'s challenge to the trial court's denial of post-conviction relief, we analyze her claim under Segura v. State, 749 N.E.2d 496 (Ind. 2001). The Segura standard applies to post-conviction claims related "to 'an improper advisement of penal consequences,'" and addresses (1) claims of intimidation of an exaggerated penalty or enticement by an understatement of maximum penal consequences, and (2) claims of incorrect advice as to the law. Trujillo v. State, 962 N.E.2d 110, 114 (Ind. Ct. App. 2011) (quoting Willoughby v. State, 792 N.E.2d 560, 563 (Ind. Ct. App. 2003), trans. denied). O.M.'s challenge arguably falls within the first of these two categories.

As with all post-conviction claims, however, deficient performance in advising a defendant on the entry of a plea is not sufficient to obtain post-conviction relief. The post-conviction petitioner must also demonstrate that she would not have entered a plea but for counsel's deficient performance in that regard. Segura, 749 N.E.2d at 507. It is not enough that a petitioner assert that she would not have entered a plea but for the advice of counsel. Rather, the petitioner must also show that there was a reasonable possibility that a reasonable defendant would have elected to go to trial if properly advised, and that counsel's errors in advice as to penal consequences were material to the decision to plead guilty. Id. Where we may dispose of an ineffective assistance claim on the question of prejudice, rather than upon the ground of deficient performance of counsel, we prefer to do so. Lee v. State, 892 N.E.2d 1231, 1233 (Ind. 2008).

We do so here because we cannot conclude that O.M. was prejudiced by Campbell's advice as to the desirability of entering into a plea agreement with the State. During the post-conviction trial, O.M. testified both during direct and cross-examination that she pled guilty because she was in fact guilty of the charged offense. While O.M. testified that she frequently told Campbell about her nursing education and plans to become a physician's assistant, she did not provide specific testimony concerning whether those discussions occurred before or after her agreement to enter a guilty plea.

Campbell also testified at the post-conviction trial. Campbell's testimony did not identify a window of time during which he learned of O.M.'s plans, but he testified that the conversations he "specifically recall[ed] were subsequent to" O.M.'s guilty plea. (Tr. at 20.) Campbell went on to testify that, had he known of the possible employment and educational consequences of O.M.'s guilty plea to Theft with alternate misdemeanor sentencing, he would have pressed harder for treatment more akin to that accorded to Jimmison, who was placed into a diversion program. Yet Campbell and O.M. both agreed that Campbell's primary concern at the trial level was to obtain an adjudication for O.M. that would avoid her deportation from the United States, and his efforts were apparently successful.

O.M. now speculates that, had Campbell been properly aware of the healthcare career-specific consequences of a conviction, he would have obtained more favorable treatment or advised her not to proceed with a plea. Yet beyond this speculation and Campbell's indication that he did not view the State as having consistent rationales in their charging decisions on shoplifting and theft cases generally, there was no evidence that Campbell's

efforts—or those of anyone else—could reasonably have resulted in a more favorable outcome. Thus, even assuming without deciding that Campbell's performance was deficient, we cannot conclude O.M. was prejudiced by Campbell's advice.

Because we find no error in the trial court's denial of O.M.'s petition for post-conviction relief, we accordingly affirm the judgment.

Affirmed.

CRONE, J., concurs.

RILEY, J., concurs in result.